668 So.2d 283 (1996)
Brian DIESTEL, Petitioner,
v.
WINFREY PLUMBING, INC. and Claims Center, Respondents.
No. 95-2368.
District Court of Appeal of Florida, First District.
February 20, 1996.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Petitioner.
Robert C. Hand and Lisa J. Hurley of Pyle, Jones & Hurley, P.A., Winter Park, for Respondents.
Michael G. Moore, Florida Department of Labor and Employment Security, Tallahassee, for Intervenor Florida Department of Labor and Employment Security.
PER CURIAM.
By petition for writ of certiorari, Brian Diestel seeks review of the judge of compensation claims' nonfinal order dismissing without prejudice that portion of Diestel's petition for benefits seeking medical treatment because he failed to exhaust the Employer's managed care grievance procedure as required by section 440.192(3), Florida Statutes (Supp.1994). Diestel supports his petition for writ of certiorari on his contention that section 440.192(3) is unconstitutional. As explained below, we deny the petition without reaching the constitutional issue.
Section 440.192(3) provides in part that "[i]f the employer has elected to satisfy its obligation to provide medical treatment, care, and attendance through a managed care arrangement designated under [chapter 440], the employee must exhaust all managed care grievance procedures before filing a petition for benefits under this section." Diestel injured his lower back on October 11, 1994, in an industrial accident. On November 1, 1994, Diestel's employer notified him of its designated managed care arrangement and Diestel's rights and responsibilities thereunder. Nonetheless, Diestel did not pursue his remedies under the plan, nor did he follow the plan's grievance procedures to obtain resolution of his dispute. Instead, Diestel filed a petition for benefits on February 10, 1995, seeking compensation benefits and alleging the need for remedial or palliative medical care from specifically named neurologists and orthopedic physicians, treatment from a pain clinic, a work hardening program, *284 and authorization for heat, massage, and ultrasound three times per week. No allegation was contained in the petition claiming the existence of a medical emergency that would have enabled the judge to require the appearance of the parties pursuant to section 440.25(4)(h), Florida Statutes (Supp.1994).
The Employer and Carrier filed a motion to dismiss the petition for benefits on the basis that Diestel had not exhausted the grievance procedure prior to filing his petition as mandated by section 440.192(3). Following a hearing on the motion, the judge of compensation claims entered an order dismissing without prejudice the "issues relating to remedial or palliative medical treatment, care or attendance," and instructing Diestel "to satisfy the managed care grievance procedures and follow the guidelines set forth in Section 440.192," should Diestel refile his claim. Diestel next filed a petition for writ of certiorari in this court seeking review of the nonfinal order and challenging the constitutionality of the statute.
For a nonfinal compensation order to be reviewable by certiorari, a party is required to demonstrate that the order: (1) constitutes a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied by appeal. Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993); Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992). Diestel submits that if he is not able to proceed by way of petition for writ of certiorari, he will have no other way of addressing the constitutional issues set forth in his petition. We disagree. If Diestel is unwilling to pursue the grievance procedure to resolution, he could so advise the judge of compensation claims and request entry of a final order of dismissal with prejudice which then may be appealed. Cf. Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991). The availability of an adequate remedy by appeal after entry of a final order in this case precludes review by way of certiorari.
The petition for writ of certiorari is hereby denied.
ALLEN and KAHN, JJ., and SMITH, Senior Judge, concur.