976 So.2d 1066 (2007)
STATE of Florida, Petitioner,
v.
Dean KILGORE, Respondent.
No. SC06-1763.
Supreme Court of Florida.
November 21, 2007.
Rehearing Denied February 28, 2008.
Bill McCollum, Attorney General, Tallahassee, FL, and Katherine V. Blanco, Senior Assistant Attorney General, Tampa, FL, for Petitioner.
Neal A. Dupree, Capital Collateral Regional Counsel, Paul Kalil, William Hennis, and Rachel L. Day, Assistant CCR Counsel, Southern Region, Fort Lauderdale, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question, which the district court certified to be of great public importance:
ARE COUNSEL APPOINTED TO PROVIDE COLLATERAL REPRESENTATION TO DEFENDANTS SENTENCED TO DEATH, PURSUANT TO SECTION 27.702, AUTHORIZED TO BRING PROCEEDINGS TO ATTACK THE VALIDITY OF A PRIOR FIRST-DEGREE MURDER CONVICTION THAT WAS USED AS A PRIMARY AGGRAVATOR IN THE DEATH SENTENCING PHASE?
Kilgore v. State (Kilgore II), 933 So.2d 1192, 1193 (Fla. 2d DCA 2006). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we *1067 hold that while Kilgore is entitled to prosecute a collateral claim attacking a prior conviction utilized as an aggravator in his capital case, he is not entitled to representation by the same counsel appointed to represent him in the capital case.

FACTS AND PROCEDURAL HISTORY
The underlying facts of this case are reflected in this Court's opinion in Kilgore v. State (Kilgore I), 688 So.2d 895 (Fla. 1996), and the Second District Court of Appeal's opinion in Kilgore II. In 1978, Kilgore was convicted of first-degree murder, kidnapping, and trespassing with a firearm. Kilgore II, 933 So.2d at 1193. He was sentenced to two life sentences with twenty-five-year mandatory minimums. Id. at 1194. The Second District Court of Appeal per curiam affirmed Kilgore's judgment and sentence on direct appeal. Kilgore v. State, 380 So.2d 589 (Fla. 2d DCA 1980) (unpublished table decision). Kilgore did not seek postconviction relief. Kilgore II, 933 So.2d at 1194.
While serving his life sentences in the Polk County Correctional Institution, Kilgore was charged with the murder of another inmate. Id. Kilgore was convicted, and during the penalty phase, the 1978 first-degree murder conviction was submitted by the State as an aggravator to justify a death sentence and the female victim of the 1978 kidnapping testified against Kilgore. Id. The sentencing court sentenced Kilgore to death after finding two aggravating circumstances: (1) Kilgore was under sentence of imprisonment at the time he committed the murder;[1] and (2) Kilgore had been previously convicted of a felony involving the use or threat of violence to the person.[2]Kilgore I, 688 So.2d at 897. These aggravators were, of course, related to the 1978 case. We affirmed Kilgore's first-degree murder conviction and death sentence on direct appeal. Id. at 896.
Subsequently, the Office of the Capital Collateral Regional Counsel (CCRC), was appointed to represent Kilgore to collaterally challenge his 1994 first-degree murder conviction and death sentence. Kilgore II, 933 So.2d at 1192, 1194. During public records litigation in the 1994 case, some "state attorney notes" of interviews of the 1978 kidnapping victim and her son were turned over to Kilgore. Id. at 1194. The notes had not previously been provided to counsel for Kilgore, and when compared to other statements given by these witnesses, the notes allegedly revealed substantial impeachment material sufficient to give rise to a claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Kilgore II, 933 So.2d at 1194. Having identified what counsel believed to be substantial grounds to challenge an important aggravator used by the State to justify a death sentence, CCRC sought to vacate the 1978 conviction based upon the holding in Brady requiring disclosure of exculpatory evidence, including impeachment evidence. See id. In turn, however, the State filed a motion to bar CCRC from representing Kilgore in the 1978 case, id., and the circuit court granted the motion on the basis that Florida's statutory scheme for appointment of counsel did not authorize CCRC's representation in the noncapital case. See id. at 1192-93.
Kilgore sought to appeal the circuit court's order to the Second District, and the Second District elected to convert the appeal to a proceeding in certiorari. Id. The Second District[3] granted the writ of *1068 certiorari and quashed the trial court's order, but certified the foregoing question of great public importance. Id. at 1193, 1197. The Second District observed that section 27.702, Florida Statutes, is not clear on the extent of CCRC's representation "under the unique circumstances of this case," id. at 1193, and concluded:
If a primary aggravating circumstance is a prior first-degree murder or violent felony conviction, and if there are valid grounds to seek to invalidate it, CCRC should, as a matter of effective representation, pursue that course. The statute itself directs CCRC to challenge a death sentence and seeking to invalidate a prior conviction in this context is a direct attack on the sentence. However, even if the statute was intended to prevent CCRC from representing the inmate in such collateral proceedings, such a limitation would not be permitted because it would deny the inmate effective assistance of counsel.
Id. at 1197. The district court concluded that because Florida law required the prior judgment to be set aside in order for the aggravator to be challenged in the capital case, Kilgore was entitled to have effective counsel do what CCRC was attempting to do on his behalf, a course of action also consistent with the ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed.2003). See id. at 1195 & n. 10.

ANALYSIS
The State argues that the trial court correctly relied upon Florida Statutes in discharging CCRC from representing Kilgore in a non-death penalty case. In contrast, Kilgore contends that the district court correctly recognized that he was entitled to have capital postconviction counsel challenge any possible infirmities in his capital conviction, including challenging Kilgore's prior violent felony convictions that were used as aggravators to support Kilgore's sentence of death. Because the issue involved in this case is strictly a question of law, this Court's review is de novo. See State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001) ("If the ruling consists of a pure question of law, the ruling is subject to de novo review.").

STATUTES
Florida has an explicit statutory scheme in place to provide postconviction counsel to all capital defendants, including Kilgore. Because Kilgore has no constitutional right to postconviction counsel, whether CCRC is authorized to represent a death-sentenced individual in a collateral postconviction proceeding attacking the validity of a prior violent felony conviction depends upon the construction and interpretation of the scope of responsibility and authority granted both to CCRC and private registry counsel in chapter 27, Florida Statutes (2002).[4]
Section 27.7001, Florida Statutes, articulates the legislative intent in providing for collateral representation for persons sentenced to death:
It is the intent of the Legislature to create part IV of this chapter, consisting of ss. 27.7001-27.711, inclusive, to provide for the collateral representation of any person convicted and sentenced to death in this state, so that collateral legal proceedings to challenge any Florida capital conviction and sentence may be commenced in a timely manner and so as to assure the people of this state that the judgments of its courts may be *1069 regarded with the finality to which they are entitled in the interests of justice. It is the further intent of the Legislature that collateral representation shall not include representation during retrials, resentencings, proceedings commenced under chapter 940, or civil litigation.

§ 27.7001, Fla. Stat. (2002) (emphasis added). This provision makes apparent the legislative intent to limit counsel's role to capital postconviction proceedings. Other provisions within chapter 27 specifically address CCRC. For instance, section 27.702(1), Florida Statutes, provides in pertinent part:
The capital collateral regional counsel shall represent each person convicted and sentenced to death in this state for the sole purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence imposed against such person in the state courts, federal courts in this state, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court.
§ 27.702(1), Fla. Stat. (2002). This provision further evidences legislative intent that counsel be confined to capital postconviction proceedings. Similarly, section 27.702(2) requires CCRC to represent persons convicted and sentenced to death within the region in collateral postconviction proceedings, unless a court appoints or permits other counsel to appear as counsel of record. § 27.702(2), Fla. Stat. (2002). Section 27.706, Florida Statutes, also prohibits CCRC from engaging in the private practice of law. § 27.706, Fla. Stat. (2002). Once again, we see an expression of intent to provide counsel only in capital postconviction proceedings.
The Legislature also has established a registry of private attorneys to represent persons in postconviction capital collateral proceedings. See § 27.710, Fla. Stat. (2002) (providing for the maintenance of a registry of private attorneys to represent death-sentenced individuals in postconviction proceedings). Section 27.711, Florida Statutes, establishes the terms and conditions of appointment of attorneys as counsel in postconviction capital collateral proceedings. In particular, section 27.711(1)(c) provides that as used in section 27.710 and in section 27.711, the term "postconviction capital collateral proceedings" is defined as follows:
"Postconviction capital collateral proceedings" means one series of collateral litigation of an affirmed conviction and sentence of death, including the proceedings in the trial court that imposed the capital sentence, any appellate review of the sentence by the Supreme Court, any certiorari review of the sentence by the United States Supreme Court, and any authorized federal habeas corpus litigation with respect to the sentence. The term does not include repetitive or successive collateral challenges to a conviction and sentence of death which is affirmed by the Supreme Court and undisturbed by any collateral litigation.
§ 27.711(1)(c), Fla. Stat. (2002). Moreover, section 27.711(11) limits the authority of registry counsel in much the same way that CCRC representation is limited by section 27.7001 as set out above:
An attorney appointed under s. 27.710 to represent a capital defendant may not represent the capital defendant during a retrial, a resentencing proceeding, a proceeding commenced under chapter 940, a proceeding challenging a conviction or sentence other than the conviction and sentence of death for which the appointment was made, or any civil litigation other than habeas corpus proceedings.
§ 27.711(11), Fla. Stat. (2002) (emphasis added). Hence, registry counsel are expressly prohibited from representing a *1070 capital defendant in a postconviction proceeding other than the capital proceeding for which counsel was appointed.
The State relies upon the language of section 27.711, which specifically applies to registry counsel, and asserts that the Legislature would have logically intended the same restrictions on the scope of representation by both CCRC and registry attorneys. Thus, the State implicitly relies on the doctrine of in pari materia, which requires that statutes relating to the same subject be construed together to harmonize the statutes and give effect to legislative intent. See Zold v. Zold, 911 So.2d 1222, 1229 (Fla.2005).
In contrast, Kilgore argues that the limitations enumerated in the aforementioned sections for registry counsel are not applicable to CCRC's representation of Kilgore on his 1978 prior violent felonies. Kilgore essentially advocates for the application of the principle of statutory construction referred to as expressio unius est exclusio alterius. Kilgore suggests that if the Legislature intended to preclude CCRC from representation in underlying convictions, it could have explicitly stated so in the relevant legislation. See Young v. Progressive Se. Ins. Co., 753 So.2d 80, 85 (Fla.2000) ("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." (quoting Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996))); Thayer v. State, 335 So.2d 815, 817 (Fla.1976) ("Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned." (citing Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234 (1944))).
While we acknowledge that the Legislature has not explicitly spoken on the issue before us, we conclude that the State's contentions appear to come closest in identifying statutory intent. We note that although the Legislature has not explicitly prohibited CCRC from representing a death-sentenced individual in a collateral challenge to a prior felony conviction used to establish an aggravator supporting a sentence of death, the Legislature also has not expressly authorized CCRC to take such action. In particular, section 27.7002(4) provides that no attorney may be appointed at state expense to represent any defendant in collateral legal proceedings, unless as expressly authorized by chapter 27. § 27.7002(4), Fla. Stat. (2002). Chapter 27 simply does not expressly authorize CCRC to challenge a noncapital conviction and sentence.
Moreover, when the statutes governing CCRC are read in conjunction with statutes governing registry counsel, the narrow scope of representation authorized by the statutory scheme becomes even more apparent. See § 27.711(11), Fla. Stat. (2002). Section 27.702(1) further appears to contemplate narrow authorization for CCRC by stating that CCRC shall represent death-sentenced individuals "for the sole purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence imposed against such person." § 27.702(1), Fla. Stat. (2002) (emphasis added). Therefore, we conclude that CCRC is not expressly authorized under the applicable statutes to collaterally challenge a noncapital conviction.

CONCLUSION
We conclude that CCRC is not authorized to represent a death-sentenced individual in a collateral postconviction proceeding attacking the validity of a prior violent felony conviction that was used as an aggravator in support of a sentence of death. Accordingly, we quash the decision *1071 of the district court, answer the certified question in the negative, and remand with directions for further proceedings consistent herewith.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] § 921.141(5)(a), Fla. Stat. (1995).
[2] § 921.141(5)(b), Fla. Stat. (1995).
[3] Members of the Fifth District, who had been temporarily assigned to duty in the Second District by then Chief Justice Pariente, composed the panel.
[4] Except where otherwise indicated, the statutes are currently codified in the same form as they were in 2002.