PER CURIAM.
 

 Petitioners seek a writ of certiorari quashing the Judge of Compensation Claims’ (JCC) order requiring them to schedule a medical evaluation to establish a maximum medical improvement (MMI) date, and permanent impairment rating (PIR). The purpose of determining this information was to establish the amount of income impairment benefits (IIBs) to which Respondent would be entitled for purposes of offsetting this amount against overpaid temporary total disability (TTD) benefits. Petitioners assert this order departs from the essential requirements of law, and complying with it would cause irreparable harm that cannot be remedied on appeal. We disagree, and deny the petition.
 

 Factual Background
 

 Respondent (who was unrepresented during the entire course of the proceedings below) suffered a compensable accident, underwent back surgery, and was paid TTD benefits. For reasons apparently unrelated to the accident, Respondent left his employ with Petitioners to work for a different employer. He began earning a salary from the new employer on July 5, 2005. For reasons not clear from the record, Petitioners continued to pay Respondent TTD benefits through January 29, 2006. Respondent was working this entire time. After learning of their error, Petitioners filed a motion for repayment of all TTD benefits paid during this period pursuant to section 440.15(12), Florida Statutes (2004). At a hearing on the motion, Petitioners also asserted the statute of limitations (SOL) had run on the claim.
 

 The JCC granted the motion, but in so doing found Respondent had not yet been assigned an MMI date and PIR. The JCC found Respondent “would most likely be entitled to a physician-assessed [PIR],” and in such event, Respondent “would be entitled” to IIBs. Consequently, the JCC ordered Petitioners to schedule an evaluation for Respondent with the surgeon who operated on his back to determine the MMI date and PIR. The JCC decided that any IIBs Respondent would have been entitled to based on the PIR could be used as a credit against the overpayment of TTD benefits. The JCC reasoned this credit would simply reclassify as IIBs all or part of the TTD benefits already paid. In a motion for rehearing, Petitioners argued the JCC was not only awarding benefits Respondent was not seeking, and could not seek because the SOL had expired, but that complying with the order would result in a revival of the otherwise expired claim. This abrogation of their SOL defense, Pe
 
 *1262
 
 titioners argued, would cause irreparable harm that cannot be remedied on appeal.
 

 Analysis
 

 For a nonfinal workers’ compensation order to be renewable by certiorari, a petitioner is required to demonstrate that the order constitutes departure from the essential requirements of law, and would cause material harm that cannot be adequately remedied by appeal.
 
 See, e.g., Diestel v. Winfrey Plumbing, Inc.,
 
 668 So.2d 283, 284 (Fla. 1st DCA 1996). Irreparable harm is a condition precedent to invoking certiorari jurisdiction, that should be considered first.
 
 See Spry v. Prof'l Employer Plans,
 
 985 So.2d 1187, 1188 (Fla. 1st DCA 2008).
 

 Here, the JCC ordered Petitioners to schedule an evaluation for Respondent with his former surgeon for the purpose of determining his MMI date and PIR. This court has held that, at least for SOL purposes, the distinction between an “examination” and “treatment” should not be artificially and unrealistically made.
 
 See Barnett v. EMR Telemetry,
 
 396 So.2d 791, 792 (Fla. 1st DCA 1981). To distinguish a “mere” examination from treatment, it is essential to examine not only the actual functions performed by the physician, but also the purpose of the physician’s examination.
 
 Id.
 
 If the purpose of the examination is solely for evaluation, with no treatment contemplated or authorized, the evaluation does not constitute remedial care for SOL purposes.
 
 Id.
 
 Consequently, Petitioners’ provision of the evaluation ordered by the JCC would not revive this claim, if in.fact the SOL has expired.
 

 Whether the evaluation ordered by the JCC will result in a credit against overpaid TTD benefits is speculative because no PIR has been determined. Even if such a credit were assessed, it would simply be a reclassification of benefits Petitioners have already paid, not a payment of additional benefits. This calculation of the amount overpaid would itself be based on a medical evaluation that would not, on its own, revive a claim in which the SOL has expired. If a credit is assessed, Petitioners can challenge the order on appeal. Because any harm the JCC’s order may cause Petitioners can be remedied on appeal, Petitioners have failed to satisfy the irreparable harm requirement for establishing entitlement to a writ of certiorari. Accordingly, we need not consider whether the order departs from the essential requirements of the law.
 
 See Spry,
 
 985 So.2d at 1188.
 

 Conclusion
 

 Because the JCC’s order would not result in irreparable harm that cannot be remedied on appeal, Petitioners’ petition for writ of certiorari is DENIED.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.