THOMAS, J.
 

 Petitioner/Claimant seeks review of an order disqualifying his workers’ compensation counsel below for possession of documents deemed privileged. For the reasons explained below, we grant the petition.
 

 This court will grant a certiorari petition when an interlocutory order “departs from the essential requirements of law, causing material injury of an irreparable nature which cannot be remedied on appeal from a final order.”
 
 Commonwealth Land Title Ins. Co. v. Higgins,
 
 975 So.2d 1169, 1176 (Fla. 1st DCA 2008)
 
 (citing Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987)). The irreparable harm prong of this test should be considered first, as it is a condition precedent to invoking certiorari jurisdiction.
 
 Id.; see Jaye v. Royal Saxon, Inc.,
 
 720 So.2d 214, 215 (Fla.1998).
 

 As Claimant points out, because disqualification of counsel denies a party its counsel of choice, such disqualification constitutes a material injury not remediable on plenary appeal.
 
 See, e.g., Secours-Maria Manor Nursing Care Ctr., Inc. v. Seaman,
 
 959 So.2d 774, 775 (Fla. 2d DCA 2007);
 
 Akrey v. Kindred Nursing Ctrs. E., LLC,
 
 837 So.2d 1142, 1144 (Fla. 2d DCA 2003). Disqualification of counsel is an extraordinary remedy.
 
 See Yang Enters., Inc. v. Georgalis,
 
 988 So.2d 1180, 1183 (Fla. 1st DCA 2008). Accordingly, this court reviews an order of disqualification by certiorari and, upon a showing that the order departed from the essential requirements of law, this court may issue the writ.
 
 See, e.g., Seaman,
 
 959 So.2d at 775;
 
 Akrey,
 
 837 So.2d at 1144.
 

 The JCC’s order departed from the essential requirements of law. The employer/Carrier’s (E/C) motion to disqualify counsel contains statements that the E/C disclosed privileged documents to Claimant’s public defender in another proceeding. The E/C has not argued that this disclosure was inadvertent. The E/C’s voluntary disclosure of the documents waived the privilege.
 
 See
 
 § 90.507, Fla. Stat. (2006). Because the documents were no longer privileged, the JCC’s order disqualifying Claimant’s workers’ compensa
 
 *1124
 
 tion counsel below departed from the essential requirements of law.
 

 The petition for writ of certiorari is GRANTED.
 

 DAVIS and BROWNING, JJ., concur.