BENTON, C.J.
Antonio Melton appeals an order prohibiting his lawyer from appearing on his behalf, and striking as unauthorized a motion for collateral relief that the lawyer had filed. We reverse. We do not agree that section 27.711(11), Florida Statutes (2009) applies where private counsel is appearing pro bono publico. If the lawyer is willing, the statute does not prevent a lawyer to whom a litigant has entrusted his cause from representing her client without charge.
Originally, representing Mr. Melton in his efforts to set aside a murder conviction and death sentence, the Office of Capital Collateral Regional Counsel for the northern region (CCRC) was appointed, pursuant to section 27.7001, Florida Statutes (2009), which authorized CCRC to undertake the “collateral representation of any person convicted and sentenced to death in this state.” Later, when the CCRC northern region was abolished (or “defunded”), see Ch. 2004-240, § 1, at 763, Laws of Fla.; Ch. 2003-399, § 84, at 3619-20, Laws of Fla., codified at § 27.701(2), Fla. Stat. (2009), a lawyer in private practice listed on the registry of capital collateral counsel,[1] D. Todd Doss, Esquire,[2] was appoint *870 ed to assume Mr. Melton’s representation, at state expense, to continue the collateral attack on his death sentence and the conviction underlying it.
With a view toward eliminating one of the aggravating factors relied on as justification for the death sentence and obtaining a new capital sentencing hearing, Mr. Doss filed, on appellant’s behalf, a motion under Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence of innocence in another case, a case that had eventuated in a prior conviction that had been considered in the first capital sentencing hearing.
The 3.850 motion was filed in the earlier case. In response, the state filed a “Motion to Prohibit Registry Counsel from Representation and to Strike the Successive 3.850 Motion,” arguing that, because Mr. Doss was appointed in appellant’s capital case, he could not file a 3.850 motion in another, non-capital case.[3] The trial court agreed, citing section 27.711(11), Florida Statutes (2009),[4] and State v. Kilgore, 976 So.2d 1066 (Fla.2007), even though Mr. Doss had made clear his willingness to represent appellant without charge, which the trial court acknowledged. Deeming the fact counsel was forgoing compensation immaterial, the trial court stated flatly: “State-appointed, capital counsel, whether from Capital Collateral Regional Counsel or from the private registry, may not represent a capital defendant in any proceeding except the capital proceeding for which the attorney has been appointed to represent him or her.”
The Kilgore court did say that many sections in part IV of chapter 27 evinced an “intent to limit counsel’s role to capital postconviction proceedings,” 976 So.2d at 1069, and invoked section 27.711(H),[5] stating (in obiter dicta) that “registry counsel are expressly prohibited from representing a capital defendant in a postconviction proceeding other than the capital proceeding for which counsel was appointed.” Id. at 1069-70. But the Florida Supreme Court held in Kilgore only that CCRC[6] (the of *871 fice itself, not private counsel) was “not authorized to represent a death-sentenced individual in a collateral postconviction proceeding attacking the validity of a prior violent felony conviction that was used as an aggravator in support of a sentence of death.” Id. at 1070.
When read together with section 27.7002(4), however, section 27.711(11) merely prohibits registry counsel from representing a capital defendant in a non-capital proceeding at state expense. Under chapter 27, part IV (“Capital Collateral Representation”), “[n]o attorney may be appointed, at state expense, to represent any defendant in collateral legal proceedings except as expressly authorized in this chapter.” § 27.7002(4), Fla. Stat. (2009). The statute does not say — and Kilgore did not decide — that section 27.711(11) prohibits private attorneys from representing a capital defendant in a non-capital case on a pro bono basis.
In examining this question of first impression, we construe the statute against the background of the common law.[7] See, e.g., McGhee v. Volusia County, 679 So.2d 729, 731 (Fla.1996) (noting the “long-established rule that no change in the common law is intended unless the statute either speaks plainly in this regard or cannot otherwise be given effect” (citing Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977))). Construction of section 27.711(11) properly begins, therefore, with acknowledgment of the venerable common law right parties able to retain counsel have to choose which counsel to engage. The Supreme Court has said that “[i]f in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.” Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Citizens able to secure private counsel are not required to face the hazards of litigation without representation by counsel whom they have chosen because of confidence in counsel’s integrity, ability and sound judgment.
A broad right to counsel antedating the Sixth Amendment[8] was so well recognized that the framers took it for granted. *872 This explains the relative “paucity of authority dealing with the existence of a right to counsel in civil cases.” Potashnick v. Port City Const. Co., 609 F.2d 1101, 1117 (5th Cir.1980).
In view of the anomalous procedures in British criminal courts, it is not surprising that the framers of the American Constitution specifically provided for a right to retain counsel in criminal prosecutions. Because English practice had recognized the right to retain civil counsel, there was no need to reaffirm the prerogative. Therefore, the sixth amendment’s rejection of the English criminal practice does not represent the denial of a right to retain counsel in civil litigation. The existence of such a right has, indeed, been generally assumed in the American legal system.
Id. (quoting Note, The Right to Counsel in Civil Litigation, 66 Colum. L. Rev. 1322, 1327 (1966)). “[T]he Supreme Court has indicated in its criminal decisions that the right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process.” Id. But it was also clear at common law.
Florida courts recognize the right to counsel in civil proceedings, and specifically in postconviction proceedings. See Steele v. Kehoe, 724 So.2d 1192, 1194 n. 3 (Fla. 5th DCA 1998) (“We are suggesting that a defendant has the right in all 3.850 cases to employ counsel if one is not appointed.[9]”). In any judicial proceeding, a party has the right to be represented by counsel of the party’s choosing, where counsel is willing.
Because trial procedure is based on the adversary system, which our jurisprudence recognizes to be the best means of arriving at a just and legal result in controversies between citizens, the courts generally recognize that an individual has the right to counsel of his or her choice. Although the right to counsel is not absolute in a civil proceeding, judicial protection of that right ensures continued public confidence in our system of justice.
Myers v. Siegel, 920 So.2d 1241, 1243 (Fla. 5th DCA 2006) (footnote & citations omitted). See also Brooks v. AMP Servs. Ltd., 979 So.2d 435, 439 (Fla. 4th DCA 2008) (finding that a court’s broad discretion to deny a motion to appear pro hac vice “must be balanced by a party’s right to representation by counsel of choice”).
Courts’ reluctance to disqualify a lawyer bears witness to the importance of the right to counsel of one’s choice. See Walker v. River City Logistics Inc., 14 So.3d 1122, 1123 (Fla. 1st DCA 2009) (“Disqualification of counsel is an extraordinary remedy.”). The Fourth District has elaborated:
“Disqualification of a pai'ty’s chosen counsel is an extraordinary remedy and should only be resorted to sparingly.” Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party’s right to employ a lawyer of choice, and such motions are often interposed for tactical purposes. Confronted with a motion to disqualify, a court must be sensitive to the competing interests of requiring an attorney’s professional conduct and preserving client confidences and, on the other hand, permitting a party to hire the counsel of choice.
Minakan v. Husted, 27 So.3d 695, 698 (Fla. 4th DCA 2010) (quoting Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d *873 607, 608-09 (Fla. 4th DCA 2004)). Similarly, rules regulating lawyers’ withdrawal from law firms recognize that care must be taken not to intrude unjustifiably on the right clients have to counsel of their choice. It is also the established rule that
a lawyer may not offer or enter into a restrictive covenant with the lawyer’s law firm or other employer if the substantial effect of the covenant would be to restrict the right of the lawyer to practice law after termination of the lawyer’s relationship with the law firm. The rationale for the rule is to prevent undue restrictions on the ability of present and future clients of the lawyer to make a free choice of counsel.
Restatement (Third) of the Law Governing Lawyers § 13 cmt. b (1998). The Rules Regulating the Florida Bar clearly enunciate this principle: “Clients have the right to expect that they may choose counsel when legal services are required and, with few exceptions, nothing that lawyers and law firms do shall have any effect on the exercise of that right.” R. Regulating Fla. Bar 4-5.8(b). Even the Legislature’s competence in this area is circumscribed. See Art. V, § 15, Fla. Const. (“The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.”).
In sum, section 27.711(11) should not be interpreted to cut off the long-established right of a party to retain counsel of his or her choice. Reading the prohibition in section 27.711(11) in pari materia with section 27.7002(4), providing that “[n]o attorney may be appointed, at state expense, to represent any defendant in collateral legal proceedings except as expressly authorized in this chapter,” it is apparent that the Legislature intends to contain the costs of collateral representation, not to strip a disfavored group of rights all citizens have long enjoyed. Section 27.711(11) delimits the proceedings in which registry counsel may represent a capital defendant at state expense. But the same lawyer, acting pro bono publico, may represent a capital defendant in proceedings other than capital collateral proceedings without charge.
Reversed and remanded.
PADOVANO and CLARK, JJ„ concur.

. Section 27.710, Florida Statutes (2009), creates a "registry” for attorneys in private practice willing to represent capital defendants in collateral proceedings. See Olive v. Maas, 811 So.2d 644, 655 (Fla.2002) ("Because the Legislature created [the] registry of attorneys to alleviate CCRC's workload, it is clear that registry attorneys stand in a position similar to CCRC lawyers.").

. Mr. Doss recently received the Florida Bar President's Pro Bono Service Award for the *870 Third Judicial Circuit. See Jan Pudlow, Kerrigan wins Simon Pro Bono Service Award, Fla. Bar News, Feb. 15, 2011, at 1.

. The motion also sought dismissal on grounds appellant’s motion was successive, but the trial court did not reach that issue. Nor do we.

. Section 27.7002(4), Florida Statutes (2009) provides that "[n]o attorney may be appointed, at state expense, to represent any defendant in collateral legal proceedings except as expressly authorized in this chapter,” (emphasis supplied), while section 27.711(11), Florida Statutes (2009) provides:
An attorney appointed under s. 27.710 [the registry statute] to represent a capital defendant may not represent the capital defendant during a retrial, a resentencing proceeding, a proceeding commenced under chapter 940, a proceeding challenging a conviction or sentence other than the conviction and sentence of death for which the appointment was made, or any civil litigation other than habeas corpus proceedings.
The specific controls over the general. See Stoletz v. State, 875 So.2d 572, 575 (Fla.2004) (" ‘[A] specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms.' ” (quoting McKendry v. State, 641 So.2d 45, 46 (Fla.1994))). "The doctrine of in pari materia requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." Zold v. Zold, 911 So.2d 1222, 1229 (Fla.2005).

. The supreme court accepted the State’s argument that restrictions in section 27.711(11) would logically apply to CCRC, as well, saying that, although the statutes did not specifically prohibit CCRC from representing a capital defendant in a non-capital collateral challenge, neither did they expressly authorize CCRC to do so.

. Section 27.706, Florida Statutes (2009) prohibits lawyers employed by CCRC from engaging in the private practice of law on any *871 body’s behalf. The parties do not dispute that a lawyer listed on the registry remains a private practitioner free to represent other clients in other matters.

. "The common and statute laws of England which are of a general and not a local nature, ... down to the 4th day of July, 1776, are declared to be of force in this state." § 2.01, Fla. Stat. (2010). See State v. Egan, 287 So.2d 1, 3 (Fla.1973) (noting that "for more than 100 years” the common law of England has been in effect in Florida "except insofar as it has been modified or superseded by statute”); Fullerton v. Fla. Med. Ass’n, Inc., 938 So.2d 587, 592 (Fla. 1st DCA 2006) (“[A] statute which conflicts with a rule of common law is required to be construed strictly, with the result that no change in the common law can be said to be legislatively intended unless the statute speaks plainly in such regard or cannot otherwise be given effect.”).

. "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI. But postconviction proceedings are not "criminal prosecutions." Their historical antecedent is habeas corpus, which is deemed civil, not criminal. This explains why the Sixth Amendment affords no right to appointed counsel in a postconviction proceeding. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (“We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today.”).

. The Florida Constitution does confer a right to counsel in certain postconviction proceedings. See Williams v. State, 472 So.2d 738 (Fla. 1985). Appellant makes no claim in the present case to a right to appointed counsel under Williams and its progeny.