PER CURIAM.
In this workers’ compensation case, Keith Elms petitions for certiorari review of an order of the Judge of Compensation Claims (JCC) denying approval of a retainer agreement between Elms and his attorney, Jeffery Appel. We dismiss the peti *1275 tion because Elms has not established the “irreparable harm” necessary to obtain certiorari relief.
In September 2011, Elms was rendered a paraplegic as a result of a work accident. He has received permanent total disability payments and other workers’ compensation benefits from the employer/carrier (E/C) since the accident. There are no pending disputes between the parties and, to date, Elms has not needed to file a petition for benefits to secure any of the benefits that he is due under the Workers’ Compensation Law. Thus, for Elms, the workers’ compensation system appears to be working precisely as intended. See § 440.015, Fla. Stat. (2011) (explaining that Workers’ Compensation Law is intended to be self-executing system that assures prompt delivery of disability and medical benefits to injured workers).
In May 2012, Elms, through Appel, filed a motion seeking JCC approval of a retainer agreement pursuant to which Elms would pay a one-time flat fee of $100 for ongoing advice concerning his workers’ compensation case in exchange for Appel not charging an employee-paid fee on any benefits secured during the course of the representation. The JCC denied the motion, reasoning that section 440.34(1), Florida Statutes (2011), effectively prohibits the approval of such an agreement and fee where the attorney has not secured any benefits. Elms timely filed a petition for certiorari with this Court seeking review of the JCC’s order, in which he argues that the JCC misinterpreted section 440.34(1) or, if the JCC properly construed the statute, it is unconstitutional on Equal Protection and First Amendment grounds.
“Certiorari is the proper remedy, in limited circumstances, to review a non-final order that is not subject to [interlocutory appeal].” AVCO Corp. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010); see also Keck v. Eminisor, 104 So.3d 359, 364 (Fla.2012) (explaining that “under very narrow circumstances, a party may petition for certiorari to seek review of a non-final order not otherwise appealable”). As the supreme court recently reiterated, “[c]ertiorari review is intended to ... allow a court to reach down and halt a miscarriage of justice where no other remedy exists; it was never intended to redress mere legal error.” Williams v. Oken, 62 So.3d 1129, 1133 (Fla.2011) (quoting Broward County v. G.B.V. Int'l., Ltd., 787 So.2d 838, 842 (Fla.2001) (internal quotations omitted)). More recently, in Board of Trustees of the Internal Improvement Trust Fund v. American Educational Enterprises, LLC, the supreme court emphasized that “certiorari relief is an ‘extremely rare’ remedy that will be provided in ‘very few cases.’ ” 99 So.3d 450, 455 (Fla.2012) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098-99 (Fla.1987), and citing a number of other cases).
To obtain relief by certiorari, the petitioner must demonstrate that the challenged order [1] constitutes a departure from the essential requirements of law [2] resulting in material injury for the remainder of the case [3] that cannot be corrected on appeal. Williams, 62 So.3d at 1132 (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)). The latter two elements are jurisdictional and must be met before the appellate court may even consider the first element, and if the petitioner fails to establish the “irreparable harm” required by the latter two elements, then the appellate court lacks jurisdiction to grant certiorari relief. Bd. of Trustees, 99 So.3d at 454-55 (“A finding that the petitioning party has ‘suffered an irreparable harm that cannot be remedied on direct appeal’ is a ‘condition precedent to invoking a district court’s certiorari jurisdiction.’ ”) (quoting Jaye v. Royal Sax *1276 on, Inc., 720 So.2d 214, 215 (Fla.1998)); accord Pepsi Bottling Group, Inc. v. Underwood, 8 So.3d 1260, 1262 (Fla. 1st DCA 2009) (denying petition for certiorari in workers’ compensation case because petitioner “failed to satisfy the irreparable harm requirement”).
Here, the petition alleges that Elms is irreparably harmed by the JCC’s order because it leaves him without legal representation to navigate the complex workers’ compensation system. The record presented, however, refutes this assertion and establishes that Elms has, and has always had, competent counsel of his choice ready, willing, and available to advise and assist him on matters related to his workers’ compensation case. In fact, it is undisputed that when an issue arose concerning the E/C’s obligation to pay for modifications to Elms’ home to accommodate his disability, Appel negotiated a substantial lump-sum settlement of the claim on Elms’ behalf that included an E/C-paid attorney’s fee in excess of $11,000. Accordingly, under the circumstances of this case, it is disingenuous for Elms to suggest that the challenged order leaves him without legal representation and as “helpless as a turtle on its back.” Cf. Davis v. Keeto, Inc., 463 So.2d 368, 371 (Fla. 1st DCA 1985) (observing that, without assistance of competent counsel, claimant would have been “helpless as a turtle on its back” in attempting to recover impairment benefits withheld by E/C).
This case is unlike Walker v. River City Logistics, Inc., 14 So.3d 1122 (Fla. 1st DCA 2009), in which this Court granted a petition for writ of certiorari and quashed the JCC’s order disqualifying the claimant’s attorney. The effect of the order in Walker was to “den[y] a party its counsel of choice.” Id. at 1123. Here in contrast, Elms has not been denied counsel of his choice and, as noted above, he has been, and continues to be, represented by counsel of his choice, Appel, despite the JCC’s order denying approval of the retainer agreement. At most, the order denies Elms the opportunity to obtain Appel’s services under the terms specified in the retainer agreement. That, however, is not enough to justify certiorari review in this case.
In sum, while we recognize the importance of injured employees having access to competent counsel to provide advice and assistance on workers’ compensation matters, Elms failed to establish that the challenged order in this case has a material, irreparable adverse impact on his access to competent counsel of his choice. Accordingly, we lack jurisdiction to review the challenged order by certiorari and thus do not reach the statutory construction and constitutional issues framed by the petition.
For these reasons, the petition for writ of certiorari is DISMISSED.*
WOLF, VAN NORTWICK, and WETHERELL, JJ., concur.

 See Bared & Co. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996) (en banc) (explaining that dismissal, rather than denial, is proper disposition of petition for writ of certiorari when appellate court determines that there has been insufficient showing of irreparable harm).