IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT SCOTT SANTANA,

    Petitioner,

v.

CITY OF TALLAHASSEE,

    Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1324

Opinion filed July 13, 2016.

Petition for Writ of Certiorari.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Petitioner.

Christopher J. Dubois and Mary E. Cruickshank of DuBois & Cruickshank, P.A., Tallahassee, for Respondent.

PER CURIAM.

In this workers' compensation proceeding, the claimant petitions for certiorari review of an order (hereafter "the challenged order") compelling his psychologist, Dr. Hudson, to testify at a deposition. The claimant argues that the challenged order departs from the essential requirements of law and will result in irreparable harm

because Dr. Hudson will be required to disclose information that is protected by the psychotherapist-patient privilege in section 90.503, Florida Statutes. However, we agree with the respondent that the claimant misconstrues the challenged order, which on its face, limits the scope of the deposition to "inquiries from the counsel for the parties about the claimant/employee's fitness-for-duty evaluations . . . performed at the request of the [respondent]." And, because it is undisputed that Dr. Hudson's fitness-for-duty evaluation of the claimant is not privileged, there is no legal basis for us to quash the challenged order.

In reaching this conclusion, we have not overlooked the subpoena duces tecum issued to Dr. Hudson after the challenged order was entered and the petition for writ of certiorari was filed in this court. The subpoena, which was included in the appendix filed with this court in connection with the claimant's motion to review the order denying his motion to stay the challenged order,[1] scheduled Dr. Hudson's deposition and directed him to produce at the deposition "[a]ny and all medical records relating to [the claimant] . . . from the date this patient was first seen at your facility for any reason to the present." Although it is difficult to square the scope of the production sought by the subpoena with the scope of the deposition authorized by the challenged order,[2] the judge of compensation claims' ruling on the claimant's

_____

[1] On April 27, 2016, in an unpublished order, we granted the claimant's motion for review and stayed the challenged order pending the outcome of this proceeding.

[2] It is also difficult to square the scope of the production sought by the subpoena with the respondent's argument to this court that:

2

motion for protective order directed to the subpoena is not before us. Moreover, we are confident that, upon request, the learned judge of compensation claims will conduct the required *in camera* review of Dr. Hudson's records before his deposition to ensure that no irrelevant or privileged information unrelated to his fitness-for-duty evaluation of the claimant is produced pursuant to the subpoena duces tecum. See Rojas v. Ryder Truck Rental, 641 So. 2d 855, 857 (Fla. 1994).

In sum, because the challenged order does not require the production of any records and only requires Dr. Hudson to answer questions concerning his non-privileged fitness-for-duty evaluations of the claimant, the claimant has failed to demonstrate the irreparable harm necessary for certiorari review. Accordingly, we dismiss the petition for writ of certiorari. See Elms v. Castle Constructors Co., 109 So. 3d 1274, 1276 n.* (Fla. 1st DCA 2013).

DISMISSED.

---

> [The claimant] persists in his factually incorrect and misleading assertion that the JCC entered an order compelling "Dr. Hudson's deposition without limitation to the fitness-for-duty evaluations." This allegation is flatly contradicted by the plain language of the JCC's order wherein he specifically and unequivocally outlined the subject matter to which Dr. Hudson's deposition is to be direction; to wit: the fitness for duty evaluations.

(emphasis in original). The difficulty arises because the subpoena duces tecum is not limited to records concerning the fitness-for-duty evaluation and instead seeks production of all of Dr. Hudson's records on the claimant, without any limitation.

3

LEWIS, WETHERELL, and RAY, JJ., CONCUR.