PER CURIAM.
Nine Months Adoptions (Nine Months) seeks a writ of certiorari ordering the Circuit Court of the Thirteenth Judicial Circuit to strike the stay order it entered. The trial court entered the stay order to allow for court proceedings on the custody and placement of two children in either the children’s home state (Missouri) or the state where the children are located (New Hampshire). We conclude that Nine Months has not presented an issue that invokes this court’s certiorari review.
On June 3, 1999, Nine Months filed a petition for termination of parental rights in the circuit court. The petition sought to terminate the parental rights of R.A.B., mother of two female children, and J.A.C., the children’s biological father (father), so that the children could be adopted by a New Hampshire couple. Both the mother and the father were residents of Missouri prior to, and at the time that Nine Months filed the petition. The children, J.A.B. (4 months) and J.R.B. (2^ years), were born in Missouri and lived in Missouri until approximately June 1,1999.
In support of its petition, Nine Months filed affidavits and surrenders executed by the mother giving up her parental rights to the children and giving Florida jurisdiction to proceed with the adoption. The petition named the father of the children and alleged that he was not entitled to notice of the petition based on the following facts: (1) there had been no marriage; (2) he had not adopted the children; (3) there had been no court proceeding to establish paternity; (4) he had not acknowledged in writing that he was the father; (5) he had provided no support in a repetitive customary manner; and (6) he had financially and emotionally abandoned the children.
On June 1, 1999, the mother brought the children to Florida. Upon arrival at Tampa International Airport, the mother signed papers surrendering the children to Nine Months to permit adoption, released the children to Nine Months, and then returned home to Missouri. The children remained in Florida for about two weeks, and then Nine Months placed them with the prospective adoptive parents, who took the children to New Hampshire.
Nine Months scheduled a hearing on the petition for termination of parental rights for mid-July 1999. The father, after receiving his notice of hearing, sent a letter to Nine Months and the circuit court protesting the proceedings to terminate his parental rights and the adoption of his *577 children. Before the hearing, the father and the mother married in Missouri and amended the children’s birth certificates to reflect that the father is the biological father.
Based on the father’s letter, the circuit court set an emergency status hearing. At the hearing, the mother testified that she and the father had taken steps pursuant to Missouri law to protect the father’s parental rights to his children. The mother stated that she had resided with the father of the children for a significant period of time prior to bringing the children to Florida, and that the father did not know that she was taking steps to allow the children to be adopted. In fact, the children’s only contact with Florida was the brief time they were in transition to New Hampshire. The mother believed that a condition known as postpartum depression caused her to surrender her children, but now she wanted her children returned. The father’s testimony supported the mother’s testimony.
Due to the urgency of the matter, the circuit judge, after conferring with the judge of the State of Missouri and conducting independent research, determined that Florida did not have jurisdiction over the children for purposes of termination of parental rights proceedings and stayed the proceedings so that the parties could litigate the matter in the children’s home state or in the state where the children were physically located. The circuit court’s order stayed the case pending appropriate litigation regarding the children’s custody and placement.
Nine Months argues that it has been denied due process because the circuit court permitted the mother and the father to present their testimony concerning how the consent and surrender for adoption occurred, but did not permit Nine Months to present evidence and case law relevant to the proceedings. Nine Months also argues that it was not permitted to cross-examine the mother after she provided sworn testimony which appears to be in direct conflict with her earlier sworn affidavits. Additionally, Nine Months contends that it should have been permitted to participate in the circuit court’s conference with the Missouri judge or, at least, have a transcript of the conversation. Nine Months also argues that the order of the circuit court does not correctly apply Missouri law to the case. Finally, Nine Months argues that the circuit court stayed the case pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) in deference to a proceeding in Missouri or New Hampshire, when there is no such proceeding pending in either state.
This case of an out-of-state birth mother flying into Florida and surrendering all rights to two children at the airport for delivery to adoptive parents from a third state, all in the space of two weeks, appears to present a great many significant legal issues. However, before this court’s certiorari jurisdiction is invoked to determine whether the trial court order departs from the essential requirements of the law, the petitioner must establish that the trial court’s order “creates material harm irreparable by postjudgment appeal .... ” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995).
We conclude that Nine Months has failed to establish that it suffered irreparable harm that cannot be remedied by post-judgment appeal. The case remains pending in the trial court. Nine Months may move to lift the stay if no court proceedings are initiated in Missouri or New Hampshire. The stay order allows Missouri and New Hampshire to determine which state has the closest connection with the parties in compliance with the goals of the UCCJA. Although Nine Months argues that there are no proceedings pending in another state, the record supports that the parents are taking steps to regain custody of their children. We conclude that the stay will not cause material harm *578 that is irreparable on postjudgment appeal.
Accordingly, the stay order challenged in this proceeding does not invoke our certiorari jurisdiction. Petition for writ of certiorari dismissed.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., Concur.