746 So.2d 1244 (1999)
Deborah A. TAYLOR, Petitioner,
v.
COLUMBIA/HCA DOCTORS HOSPITAL OF SARASOTA and RSKCo, Respondents.
No. 99-2664.
District Court of Appeal of Florida, First District.
December 29, 1999.
*1245 Keith A. Mann of Mann Employers Legal Group, Sarasota, for petitioner.
Jack A. Weiss of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for respondents.
PER CURIAM.
Deborah Taylor petitions for certiorari review of an order of the Judge of Compensation Claims granting the employer/servicing agent's motion to compel an independent medical examination (IME) by a psychiatrist. Evidently, however, Taylor did not obtain a stay of the JCC's order, and instead submitted to the examination during the pendency of this proceeding. Given that fact, we deny the petition for writ of certiorari.
Before an appellate court's certiorari jurisdiction may be invoked to address the substance of a lower tribunal's order, the petitioner must establish that the order results in a material harm irreparable by postjudgment appeal. See In re: J.A.B., 744 So.2d 575 (Fla. 2d DCA 1999). In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal. See, e.g., Pariser v. Pariser, 601 So.2d 291 (Fla. 4th DCA 1992). In this case, however, petitioner has already undergone the required IME, and we thus conclude that the element of irreparable harm is not present in this case.
For the foregoing reason, we deny the petition for writ of certiorari without reaching the issue of whether the order compelling an IME was in error. To the extent the results of the IME are relied on to defeat petitioner's claim for benefits, she is free to argue this substantive issue on appeal, and if her argument is found to have merit, an adequate remedy can be fashioned.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.