931 So.2d 152 (2006)
Yodelmis VAZQUEZ, Petitioner,
v.
WENDY'S and ACE-USA, Respondents.
No. 1D05-4847.
District Court of Appeal of Florida, First District.
May 11, 2006.
Rehearing Denied June 19, 2006.
Robert L.H. Rampil, Coral Gables, and Jay M. Levy of Jay M. Levy, P.A., Miami, for Petitioner.
Robert L. Teitler and Renee Smith of Walton, Lantaff, Schroeder & Carson, Miami; and T. Peter Nguyen of Marcos, Rothman, Scharf & Valdes, P.A., Miami, for Respondents.
PER CURIAM.
The petition for writ of certiorari is denied. On certiorari review, the order of the lower tribunal will be quashed only if it "departs from the essential requirements of law." Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 527 (Fla.1995). Prior to considering whether the order departs from the essential requirements of law, however, the petitioner must establish that the order results in irreparable harm. City of Oldsmar v. Kimmins Contracting Corp., 805 So.2d 1091, 1093 (Fla. 2d DCA 2002); Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So.2d 1244, 1245 (Fla. 1st DCA 1999). In this case, the petitioner has failed to demonstrate that the functional capacity evaluation will result in irreparable harm. Accordingly, the petition for writ of certiorari is denied.
DENIED.
WOLF and DAVIS, JJ., concur; ERVIN, J., dissents with Opinion.
ERVIN, J., dissenting.
I would grant the petition for writ of certiorari. In order to explain my position adequately, I consider an explanation of the facts necessary. The judge of compensation claims' (JCC's) contested order compelled petitioner to submit to a functional capacity evaluation (FCE) at the facility Wendy's and ACE-USA, the employer/carrier (E/C), selected, which was unable to provide an evaluation that complied with the evaluation claimant's treating *153 physician prescribed.[1] Under the circumstances, I consider the JCC's ruling to be a departure from the essential requirements of the law that will cause irreparable harm to petitioner and which cannot be remedied on direct appeal from a final compensation order.
After the parties were unable to agree on how the FCE should be conducted, the E/C's counsel filed a motion to compel petitioner's attendance at an FCE to be performed by the facility the E/C designated. The JCC went forward with the hearing on the motion, despite the absence of petitioner's counsel. The day after the hearing, the JCC issued an order compelling petitioner's attendance at an FCE to be scheduled by the E/C.
Petitioner's counsel moved for rehearing and/or to vacate the order. In the motion, petitioner's counsel stated that at the time of the hearing on the E/C's motion to compel he was attending a previously scheduled hearing before another JCC, and he had explained his reason for non-attendance to the judge's legal assistant. The motion further recited that the basis of petitioner's opposition to the E/C's motion was her desire to have the JCC exercise control over the type of FCE to be performed and the medical supervision required. The JCC summarily denied the motion.
The record before us establishes that the JCC conducted an ex parte hearing on the E/C's motion to compel. The chronology of events leading up to the hearing raises concerns as to the sufficiency of the notice afforded petitioner's counsel to facilitate his ability to appear and present petitioner's position. While the certificate of service on the E/C's motion to compel shows a September 2, 2005, mailing date to claimant's counsel, the copy of the motion included in the appendices to the parties' briefs was made from a facsimile copy bearing a transmission date of September 7, 2005, and a notice of hearing date of September 8, 2005. On September 8, 2005, despite the absence of petitioner's counsel, the JCC proceeded with the hearing on the E/C's motion to compel. The following day, September 9, 2005, the JCC entered an order granting the E/C's motion. Although petitioner's counsel filed a motion for rehearing or to vacate the order, explaining the reason for his absence from the hearing, the JCC summarily denied the motion, without stating any reasons therefor.
In so ruling, the JCC apparently overlooked the cardinal rule instructing that "[a]n injured employee's right to receive workers' compensation benefits is a property right protected by procedural due process safeguards including notice and an opportunity to be heard." Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004). Due process requires reasonable notice based on all the circumstances. "Such notice should contemplate all factors involved and should be conveyed in a manner reasonably calculated to facilitate the ability of the opposing party to appear and be heard." Town of Jupiter v. Andreff, 656 So.2d 1374, 1377 (Fla. 1st DCA 1995).
Before a workers' compensation order becomes final, it is within a JCC's "discretion to determine whether the facts of a particular case constitute excusable neglect, *154 mistake or inadvertence, so as to support a motion to vacate a compensation order." Threat v. Rogers, 443 So.2d 149, 150 (Fla. 1st DCA 1983). "`[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.'" City of Pembroke Pines v. Zitnick, 792 So.2d 677, 678 (Fla. 4th DCA 2001) (quoting Shurgard Storage Ctrs., Inc. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999)).
The chronology of events leading up to the issuance of the order below discloses petitioner's counsel received inadequate notice of the hearing on the E/C's motion to compel, and was absent from that hearing due to a system gone awry or excusable neglect. Under the circumstances, I deem the E/C's assertion that claimant failed to file a written response to the motion to compel within the seven days allowed by rule 60Q-6.115(4) to be disingenuous.[2] The record reveals the hearing on the motion to compel was conducted before the expiration of the seven-day period entitling claimant to file a response. The record also raises questions concerning how much advance notice petitioner's counsel actually received as to the scheduled date of the hearing.
I am also unable to agree with the majority's conclusion that the petitioner failed to demonstrate that the order compelling her to undergo the FCE would result in irreparable harm. It is an established principle of law that interlocutory orders requiring mental or physical examinations cause harm of a kind that cannot be remedied on appeal from a final judgment. See Chavez v. J & L Drywall & Travelers Ins. Co., 858 So.2d 1266, 1268 (Fla. 1st DCA 2003); Olges v. Dougherty, 856 So.2d 6, 10 (Fla. 1st DCA 2003); Taylor v. Columbia/HCA Doctors Hosp., 746 So.2d 1244, 1245 (Fla. 1st DCA 1999). "In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal." Id.
Although the foregoing case law deals with discovery orders involving mental or physical examinations, I conclude the rationale is equally applicable in the context of a compelled FCE. Because the parties are in an adversarial relationship, the evaluator/examiner is essentially an expert witness for the party requesting the examination. See Chavez, 858 So.2d at 1268. It is undisputed that the FCE at the facility the E/C designated cannot be performed in the manner prescribed by claimant's treating physician. The evaluation ordered will not be supervised by a physician; in fact, the facility does not retain a physician on the premises.
*155 The record discloses that as a result of her industrial accident, claimant sustained back and hand injuries. She underwent an unsuccessful back surgery, and suffers major depression believed to be related to her unresolved back and hand pain. Implicit in the FCE guidelines specified by claimant's treating physician is a concern that her fragile physical and emotional health are at risk if the FCE does not conform to the physician's specifications. Moreover, claimant's counsel sought a medically monitored FCE that would serve the dual purposes of providing information regarding claimant's ability to maintain gainful employment and control of her pain.
Because I consider that the FCE which claimant has been ordered to undergo involves invasive procedures and activities, and poses a risk to claimant's emotional and physical health that could not be remedied by an appeal from the final compensation order, I would grant the petition for writ of certiorari and quash the order compelling claimant to undergo the FCE.
NOTES
[1] Claimant's authorized treating physician instructed that the FCE should be performed by either a highly qualified orthopedic surgeon who does FCEs regularly, or by an occupational therapist or physical therapist under supervision of a doctor. The physician recommended periodic pain evaluations be conducted during the FCE, and a follow-up evaluation the next day. The purpose of the prescribed evaluation was to determine claimant's medical restrictions as applied to a 40-hour work week.
[2] Florida Administrative Code Rule 60Q-6.115, entitled Motion Practice, provides in part:

(4) For other motions which have not been amicably resolved, the movant shall file the motion, which shall include a statement as to whether a hearing on the motion is necessary and, if so, the basis for requesting a hearing. The other parties may, within seven days of service of the written motion, file a response in opposition, which shall include a statement as to whether a hearing on the motion is necessary and, if so, the basis for requesting a hearing. Unless the judge determines that a hearing is necessary based upon the statements in the motion and/or response as to why a hearing is necessary, written motions will normally be disposed of without a hearing. Motion hearings may be conducted either in person or telephonically as the judge deems necessary.