PER CURIAM.
Petitioner seeks certiorari relief and argues the JCC’s order appointing an expert *313 medical advisor (EMA) represents a departure from the essential requirements of the law causing irreparable harm not remediable on appeal. Because Petitioner failed to establish irreparable harm, as was his burden, we deny the petition.
For a non-final workers’ compensation order to be reviewable by certiorari, a petitioner is required to demonstrate that the order constitutes a departure from essential requirements of law, and would cause material harm that cannot be adequately remedied by appeal. See, e.g., Diestel v. Winfrey Plumbing, Inc., 668 So.2d 283, 284 (Fla. 1st DCA 1996). Irreparable harm is a condition precedent to invoking certiorari jurisdiction, and should be considered first. See Spry v. Prof. Employer Plans, 985 So.2d 1187, 1188 (Fla. 1st DCA 2008).
Here, Petitioner fails to demonstrate that the JCC’s order requiring him to attend an examination with an expert medical advisor (EMA) will cause a harm which is not remediable on appeal. See Vazquez v. Wendy’s, 931 So.2d 152 (Fla. 1st DCA 2006) (holding claimant who was ordered to attend a functional capacity evaluation which did not meet the specifications set forth by treating physician, did not establish irreparable harm); see also Dawson v. Clerk of Circuit Court-Hillsborough County, 991 So.2d 407 (Fla. 1st DCA 2008) (reversing JCC’s appointment of an EMA on plenary appeal, where disagreement in opinions of physicians was not supported by competent substantial evidence). Nothing in the record establishes that the EMA examination, relating to an issue in controversy for which Claimant has voluntarily undergone two similar examinations will, itself, be invasive or cause harm to Claimant.
To the extent that Petitioner believes the JCC failed to pose the correct question to the EMA, Petitioner has not established that he has been denied the opportunity to depose the EMA, or is otherwise foreclosed from eliciting the opinions he believes relevant to the disposition of his case. To the contrary, the statute and the rules of procedure allow Claimant to take the EMA’s deposition in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure. See Fla. Admin. Code. R. 60Q-6.114(1) & (2); see also § 440.30, Fla. Stat. (2005).
For the foregoing reasons, the petition is DENIED.
BARFIELD and VAN NORTWICK, JJ., concur; KAHN, J., concurs, with written opinion.