PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) abused his discretion in taxing a variety of specific costs against her. Our analysis leads us to the conclusion that the JCC correctly awarded some of the disputed costs and erred in awarding others. We, therefore, reverse and remand for further proceedings.

BACKGROUND

Claimant failed to prevail on any issue at two merits hearings. Thereafter, the Em *756 ployer/Carrier filed a verified motion to tax costs, seeking reimbursement of costs totaling $25,619.66. Claimant filed a response to the verified motion on numerous grounds. The arguments relevant to this appeal were that the fees paid to independent medical examiners (IMEs) and authorized treating providers exceeded the amounts permitted by statute. In addition, Claimant objected to transcription costs for her depositions, on grounds that two depositions pre-dated the petition for benefits and two were not listed as evidence or relied upon by the JCC.
The JCC sustained Claimant’s objections to certain cost items, resulting in a reduction in the amount to be reimbursed, setting it at $17,894.66. The JCC generally overruled Claimant’s objections to the remaining items, finding “that the costs were reasonably necessary to defend the case. Additionally, in each remaining entry, [the JCC found] that the taxable costs submitted by the Employer/Carrier were causally related to the issues presented in this case.”
Further, the JCC found “that the amounts charged by the physicians for depositions at issue are reasonable, not excessive, and consistent with workers’ compensation law.” The JCC declined to apply section 440.13(10), Florida Statutes (2007) (establishing amount health care providers can charge as witness fees), to the issues before him, determining that the dispute was not over the amount to be paid to a health care provider; rather, this case presented a dispute between the parties regarding the amount of previously expended costs to be reimbursed to the Employer/Carrier.

DISPUTED AMOUNTS

Claimant’s challenges on appeal can be assigned to one of four categories:
(1) Fees charged for depositions of medical experts, some of whom provided direct professional services related to this case and some of whom did not, including fees charged for review of medical records.
(2) Transcription costs for four depositions.
(3) Non-deposition fees charged by authorized treating physicians.
(4) Non-deposition fees charged by IMEs.
As explained in the following analysis, we conclude that the JCC erred in his award of costs in categories one, three, and four. We find no error in his award of the cost of transcribing Claimant’s depositions.

GENERAL ANALYSIS

The award of specific costs is reviewed by this court for abuse of discretion. See Punsky v. Clay County Bd. of County Comm’rs, 60 So.3d 1088,1093 (Fla. 1st DCA 2011). To the extent resolution of an issue requires statutory interpretation, this court’s review is de novo. Id. at 1091.
Section 440.34(3), Florida Statutes (2007), provides that “[i]f any party should prevail in any proceedings before a [JCC] or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney’s fees.” It was undisputed that the E/C was the prevailing party.
This court has previously addressed the overarching guide for the assessment of costs. In Morris v. Dollar Tree Store, 869 So.2d 704, 707 (Fla. 1st DCA 2004), the question was whether the cost of certified mail should be taxed. Relying on the language of section 440.34(3), permitting a prevailing claimant to tax against the employer “the reasonable costs of such proceedings,” the Morris court concluded that “[w]e cannot conceive it to be the legisla *757 tive intent that an injured worker who successfully prosecutes a claim against his or her employer should not be made whole for all costs necessary to maintain the claim.” Id. at 707 (emphasis added). With the 2003 amendments to the statute allowing either party to be a prevailing party, the prevailing party is entitled to be reimbursed its “costs necessary to maintain the claim,” or necessary to maintain the defense of the claim. Ch. 03-412, § 26, at 3943, Laws of Fla. (eff. Oct. 1, 2003).

1. Depositions of Medical Experts

Section 440.13(10), Florida Statutes (2007), provides:
Any health care provider who gives a deposition shall be allowed a witness fee. The amount charged by the witness may not exceed $200 per hour. An expert witness who has never provided direct professional services to a party but has merely reviewed medical records and provided an expert opinion or has provided only direct professional services that were unrelated to the workers’ compensation case may not be allowed a witness fee in excess of $200 per day.
The JCC erred in finding that section 440.13(10) was not applicable to the dispute before him. Section 440.13(10) limits the amount expert witnesses may charge; accordingly, it also limits what a non-prevailing party must reimburse the prevailing party.
Two types of medical experts were deposed in this case, both of which are addressed in section 440.13(10). First, section 440.13(10) provides that a health care provider, defined in part as “a physician ... who provides skilled services,” see section 440.13(l)(i), Florida Statutes (2007), may not charge more that $200 per hour. This includes physicians performing IMEs and who provide “direct professional services” in addition to reviewing medical records. Given the reference to review of medical records in section 440.13(10), titled “WITNESS FEES,” it is reasonable to conclude that the physician’s time spent preparing for the deposition, including the review of medical records, is to be compensated at the same rate, $200 per hour. Here, it is.undisputed that Drs. McBride and Williamson were authorized treating physicians and Dr. Harr was an IME physician. On remand, their fees should be calculated according to the section 440.13(10) guides. What is not provided for in section 440.13(10) are fees for services such as “Non-Refundable Reservation Fee for Deposition,” as was charged by Dr. Harr in addition to the fee for his deposition. Because the Legislature chose to include only fees for the deposition itself and for the preparation for the deposition, application of the rule of statutory construction expressio unius est exclusio al-terius compels us to conclude that nonrefundable reservation fees are not contemplated as an appropriate charge by a medical witness that can be taxed as a cost under chapter 440. See Black’s Law Dictionary 620 (8th ed. 2004) (“A canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative.”). Because the JCC erred in failing to apply section 440.13(10), he abused his discretion in awarding the entire amounts sought by the Employer/Carrier.
Section 440.13(10) also provides fee parameters for physicians who have “provided only direct professional services that were unrelated to the workers’ compensation case,” and those fees are capped at $200 per day. Both Drs. Eads and Corak are described as being “fact” witnesses. If this means they provided no direct professional services in this case, then their fees, including any fees charged for deposition preparation, are limited to $200 per day. *758 On the other hand, if they were authorized treating providers or IMEs, their fees should be computed as outlined in the preceding paragraph. As stated above, the JCC abused his discretion in failing to apply section 440.13(10).

2. Transcription Costs of Depositions

The second challenged category is the cost for the transcription of four depositions taken of Claimant. We find no abuse of the JCC’s discretion in his award of the costs associated with all of Claimant’s depositions. Claimant objected to the award of costs related to depositions taken prior to the most recently filed petitions for benefits, and two depositions taken after the petitions were filed but which were not admitted into evidence. The Uniform Guidelines for Taxation of Costs provide that “the original and one copy of the deposition and court reporter’s per diem for all depositions” should be taxed. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 616 (Fla.2005). The JCC, based on his review of the evidence, found the costs were reasonably necessary to defend the case. Given the Employer/Carrier’s attorney’s testimony that the depositions were taken for reasonable discovery purposes, there was no abuse in this award. See Hernandez v. Manatee County Gov’t, 50 So.3d 57, 58 (Fla. 1st DCA 2010) (affirming JCC’s analysis that relevant inquiry when assessing costs was whether information was relevant to any issue, not whether it was originally obtained in connection with different proceeding). See also Otis Elevator Co. v. Bryan, 489 So.2d 1189, 1190 (Fla. 1st DCA 1986) (noting that discovery depositions that serve useful purpose at trial are admissible even if not offered into evidence). The award of the transcription costs of Claimant’s depositions is affirmed.

3. Non-Deposition Fees Charged by Authorized Treating Physicians

The third challenged category of costs relates to the fees charged by Dr. Chacko. It was stipulated that Dr. Chacko was an authorized physician. His charges included $525 for Claimant’s alleged failure to appear for an appointment and $750 for review of medical records. Section 440.13 addresses “no-show” fees only in relation to IMEs. In section 440.13(5)(d), the Legislature chose to include only IMEs when countenancing a payment being due from a claimant. The Legislature did not intend to make a claimant liable for a “no-show” fee charged by an authorized provider. These charges are more in the nature of claims costs rather than litigation costs. As for the charge for records review, section 440.13(3)(g), Florida Statutes (2007), expressly provides that an “employee is not liable for payment for medical treatment or services provided pursuant to this section.” Thus, there is no basis for ordering reimbursement of any of Dr. Chacko’s charges, and the JCC abused his discretion in directing Claimant reimburse the charges.
A Non-Deposition Fees Charged by IMEs
The final cost challenge is to the fees charged by Dr. Harr other than those related to his deposition. These fees relate to Dr. Harr’s IME, and include $950 for “Reserved time fee for updated IME” and $475 for “No-Show fee.” Section 440.13(5)(d) provides only that a claimant “shall reimburse the employer or carrier 50 percent of the [IME] physician’s cancellation or no-show fee.” There is no mention of entitlement to reimbursement of a charge for reserving time for the IME; indeed, considering the doctor charged a no-show fee as well, the two charges ap *759 pear to be duplicative. On remand, the JCC should ensure the no-show fee was properly charged and, based on the testimony of a qualified expert, whether the amount was appropriate for the service.
For the foregoing reasons, the case is AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
WOLF, DAVIS, and ROBERTS, JJ., concur.