PER CURIAM.
In this workers’ compensation case, the Employer, a self-insured entity, and its workers’ compensation servicing agent (hereafter referred to collectively as the Employer) challenge an order of the Judge of Compensation Claims (JCC) awarding permanent total disability (PTD) benefits to Claimant, a long-term employee who continued to work for the Employer for approximately thirteen years after sustaining a compensable workers’ compensation injury to his right foot. The Employer raises five issues on appeal, the first four of which, in essence, challenge the JCC’s finding that Claimant sufficiently established his entitlement to PTD benefits under the standards set forth in section 440.15(l)(b) and 440.02(34), Florida Statutes (1997). We conclude that based on the record evidence before us, the JCC did not commit error in awarding PTD benefits to Claimant, and the JCC used the appropriate legal standards in determining Claimant’s entitlement to such benefits. Thus, the Employer fails to present a basis for reversal in the first four issues on appeal. Having established as much, we next turn to the Employer’s fifth issue relating to the JCC’s denial of the Employer’s motion to depose an authorized treating doctor whose opinions played a significant role in the JCC’s determination that Claimant is entitled to PTD benefits. Because we conclude that the JCC erred by denying the Employer the opportunity to take this treating doctor’s deposition and introduce such testimony into evidence, we reverse the order awarding PTD benefits and remand for further proceedings.
Background
The record facts in this case demonstrate that Claimant was employed by the Employer as a custodian for over twenty years, which work required prolonged standing and lifting. Claimant injured his right foot in a compensable workplace accident in 1998, and ultimately this injury necessitated the imposition of light-duty *513 work restrictions, with limited standing and walking, and a need for frequent breaks from these activities. These work restrictions were accommodated by the Employer, and in 2005, Claimant was transferred from his position as a custodian and provided a modified job which he performed for the better part of six years. After working for the Employer for thirty years, Claimant “retired” for reasons that are disputed. Claimant alleged that he retired because he could no longer sufficiently perform even the modified job furnished by the Employer. The Employer, on the other hand, argued that Claimant retired simply because he had worked long enough to do so. After Claimant retired, he filed a petition for PTD benefits, which the Employer contested on the basis that there was no supporting vocational or medical evidence supporting the claim.
Approximately four months before the merits hearing scheduled on Claimant’s petition for PTD benefits — but notably, after Claimant filed the petition for PTD benefits — one of Claimant’s authorized treating physicians issued a report that imposed additional permanent work restrictions, which by all appearances were not in place when Claimant was working for the Employer. According to Claimant’s vocational expert (and ultimately the findings of the JCC) these additional restrictions, when combined with the previously imposed permanent work restrictions, prevented Claimant from sufficiently performing his past relevant work, or other jobs existing in significant numbers in the national economy. The Employer scheduled this doctor’s deposition and provided proper written notice as to the date, time, and location of the deposition — two months in advance of the intended date of deposition. On the date of the doctor’s deposition, the court reporter and counsel for the Employer timely appeared at the doctor’s Miami Lakes office, the location identified on the written notice provided two months prior. But, the deponent doctor and counsel for Claimant were at the doctor’s Plantation office — a location not referenced on the notice of deposition, but one where, according to counsel for Claimant, the doctor prefers to furnish his deposition testimony. Counsel for the Employer, finding himself enveloped in this geographical predicament, attempted to move forward with the deposition to be taken telephonically at the designated time with the parties positioned as they were; but the doctor declined because the court reporter was not in his presence. The Employer, having noticed the deposition properly and timely, then moved for the entry of an order to permit it to take the doctor’s deposition and question him about the newly imposed permanent work restrictions. At the hearing on this motion, counsel for the Employer explained that the doctor’s schedule did not permit the deposition to be taken prior to the scheduled final hearing, and thus, a request was made for a continuance, or alternatively that the Employer be allowed to take and submit the deposition post-hearing under the authority of Florida Administrative Code Rule 60Q-6.121(5). The JCC denied both requests based on his conclusion that the requested relief would disrupt the occurrence of an orderly hearing. The merit hearing was then conducted with the Employer being denied the right to challenge the subject doctor’s newly-imposed permanent work restrictions. Based on the evidence presented, the JCC found that Claimant could not perform his past relevant work or any other work existing in significant numbers in the national economy, which finding, among others, qualifies Claimant for PTD benefits.
Given these facts and for the reasons explained below, we conclude that the JCC *514 erred by not permitting the Employer to examine Claimant’s treating physician, a witness critical to the factual issues in dispute.
Analysis
In no uncertain terms, the Legislature has expressed its “specific intent” that workers’ compensation cases be decided “on their merits.” See § 440.015, Fla. Stat. (1997); see also Burgess v. Buckhead Beef Fla., 15 So.3d 25, 27 (Fla. 1st DCA 2009). This court has further expressed that “[a]mong a litigant’s most important due process rights is the right to call witnesses.” Hernandez v. Paris Indus. Maint., 39 So.3d 466, 469 (Fla. 1st DCA 2010). Notwithstanding these jurisprudential principles, which support a litigant’s right to a full and fair trial of disputed issues of fact, Claimant argues that the JCC’s denial of the Employer’s right to depose the doctor at issue here is harmless error, because it is unlikely that examination of the doctor or inquiries regarding his opinions would render a different result. This court has held that the test for harmless error in workers’ compensation cases is whether “but for error, a different result may have been reached.” Witham v. Sheehan Pipeline Constr. Co., 45 So.3d 105, 109 (Fla. 1st DCA 2010). The bedrock of our adversarial system is a party’s right to examine or impeach a witness for the purpose of proving that facts are not exactly as the individual has testified. See Steel Dynamics Inc.-New Millennium v. Markham, 46 So.3d 641, 646 (Fla. 1st DCA 2010). In workers’ compensation cases, a JCC is the finder of fact, who like the juries of this state, may reject an expert’s testimony, or give it the weight deserved upon consideration of the expert’s knowledge, skill, experience, training, the reasons underlying the opinion, or based on a multitude of factors that may implicate the witnesses’ credibility. See White v. Bass Pro Outdoor World, LP, 16 So.3d 992, 994 (Fla. 1st DCA 2009) (explaining JCC’s, like the juries of this state, have broad fact-finding powers). Thus, although it may ultimately be so that, once the Employer has the opportunity to examine the doctor in question, the resulting findings of the JCC may be unchanged — this is not the test. Rather, the proper inquiry centers upon whether such examination may yield a different result; and, under our case law, it may. Inasmuch as the Employer was denied the opportunity to engage the legal means of testing the reliability of the opinions of this physician — whose opinions are critical to factual issues in dispute — it simply cannot be said that the deprivation visited on the Employer here is harmless. Cf. Witham, 45 So.3d 105 (reversing JCC’s denial of benefits where JCC improperly relied upon expert testimony that was “the focal point of the trial”).
Finally, we note under the rules of procedure governing workers’ compensation adjudications a JCC may admit post-hearing evidence “for good cause shown” (a standard not used by the JCC here), and under section 440.25(4)(b), a continuance may be granted where the requesting party demonstrates “that the reason for requesting the continuance arises from circumstances beyond the party’s control.” See Fla. Admin. Code R. 60Q-6.121(5); see also § 440.25(4)(b), Fla. Stat. (2012). Here, the reasons undergirding the Employer’s request for relief arose out of the treating physician’s preference to be deposed at a location other than the one properly noticed by the Employer, the doctor’s unwillingness to proceed with the deposition once the presumed error in communication was discovered, and the doctor’s schedule, which did not permit a timely correction of the coordination error (presumably made in good faith by all involved). Significantly, the record before us does not demonstrate that the Em *515 ployer violated any rules of discovery or discovery orders, or acted in any way suggesting intentional or unreasonable conduct. Although we recognize that JCCs are provided, as is proper, broad discretion in conducting trial proceedings in workers’ compensation cases, we cannot ignore the Legislature’s “specific intent” that such proceedings be decided on their merits. And, although we do not endeavor to dictate whether the JCC here should have granted a continuance or allowed the admission of post-hearing evidence, we conclude that the Employer demonstrated grounds for either, and both. Thus, it was an abuse of discretion for the JCC to deny the Employer the opportunity to gather the evidence that it sought to develop, which ultimately prevented this case from being decided on its merits. We therefore REVERSE the order on appeal, and REMAND for additional proceedings consistent with this opinion.
BENTON, C.J., RAY and MAKAR, JJ„ concur.