PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying reimbursement of the cost of a conference with Claimant’s authorized treating physician. Because the JCC misapprehended the import of prior case law and the provisions of the Statewide Uniform Guidelines for Taxation of Costs (Uniform Guidelines), we reverse.
After filing a petition for benefits seeking medical care, attorney’s fees, and costs, Claimant’s attorney attended a conference with Claimant’s authorized treating physician. As a result of that conference, the doctor signed a statement that Claimant’s August 26, 2009, injury was, within a reasonable degree of medical probability, the major contributing cause of the Morton’s neuroma present in Claimant’s right foot. The Employer/Carrier (E/C) had previously denied treatment for the neuroma on grounds it was not related to Claimant’s workplace injury.
When the E/C’s independent medical examiner could not opine whether Claimant’s injury was the major contributing cause of her current need for treatment, an expert medical advisor was appointed to resolve the disagreement. The advisor opined that Claimant did not have a neuroma; rather, her workplace injury had resulted in either a chronic plantar place tear or chronic capsulitis, and she was in need of surgery to address the same. Thereafter, the parties agreed that surgery would be scheduled and that Claimant’s attorney was entitled to an E/C-paid attorney’s fee and reimbursement of taxable costs. No depositions were taken by either party.
Following a hearing on Claimant’s verified petition for attorney’s fees and costs, the JCC awarded a fee of $1,500 and costs totaling $164.25. At issue now is the JCC’s denial of the $600 paid to Claimant’s treating physician for the medical conference.
The JCC correctly noted that Florida Administrative Code Rule 60Q-6.124(3)(e) required him to consider the Uniform Guidelines in awarding costs. The JCC mistakenly, however, determined that our decision in Marton v. Florida Hospital Ormond Beach, 98 So.3d 754 (Fla. 1st DCA 2012), preempted an analysis under the Uniform Guidelines when assessing a request for reimbursement of non-deposition fees of physicians because the Uniform Guidelines were not mentioned. Our decision in Marton did not require reference to the Uniform Guidelines.
The JCC also mistakenly noted that the Uniform Guidelines do not specifically address reimbursement of medical conferences. The Uniform Guidelines provide that “expenses relating to consulting but non-testifying experts” should not be taxed as costs. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 617 (Fla.2005). Arguably, this provision would apply in the circumstances presented here — Claimant’s treating physician could be viewed as a “consulting but non-testifying expert.”
We review a JCC’s award and denial of costs under an abuse of discretion standard. See Marton, 98 So.3d at 755. If the above provision applies, then arguably, the JCC’s denial of the reimbursement for the conference could be affirmed using a “tipsy coachman” analysis. See Hernandez v. Palmetto Gen. Hosp., 60 So.3d 1084, 1088 n. 2 (Fla. 1st DCA 2011) (explaining it is not required that legal basis for affirmance be argued by party “because, under the ‘tipsy coachman’ doctrine, the appellate court is required to affirm the lower tribunal if there is any basis in the- record to support the judgment on appeal”) (citing Dade County Sch. *440 Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999)). We are constrained, however, to reverse and remand this matter for further consideration given the JCC’s agreement “with Claimant’s position that the medical conference was necessary to prosecute or maintain the claim.” While the Unifoi’m Guidelines suggest that such conference costs “should not” be taxed, this provision of the Uniform Guidelines, like all of the provisions, is “advisory only.” In re Amendments, 915 So.2d at 616.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WETHERELL, SWANSON, and OSTERHAUS, JJ., concur.