IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARIA SUAREZ,

      Petitioner,

v.

STEWARD ENTERPRISES AND
TRAVELERS INS. CO.,

      Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3495

Opinion filed May 12, 2015.

Petition for Writ of Certiorari.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Petitioner.

David S. Gold and David B. Stauber of Litchfield Cavo, LLP, Fort Lauderdale, for Respondents.

PER CURIAM.

In this workers' compensation matter, presented through a petition for writ of certiorari, Claimant argues that the Judge of Compensation Claims (JCC) departed from the essential requirements of law by denying her request to limit the deposition fee of the expert medical advisor (EMA) to $200 per hour, the amount referenced in section 440.13(10), Florida Statutes (2011), and that error represents material harm that cannot be remedied on appeal. Because we agree, we quash the JCC's order.

After Claimant scheduled EMA Dr. Rozencwaig's deposition, she was advised that the doctor's fee was $750 per hour and that the deposition would not go forward unless the doctor received an advance payment of $750. The explanation provided by Dr. Rozencwaig's office staff was that the doctor believed he was not limited to $200 per hour because he was the appointed EMA.

Following a hearing on Claimant's motion to determine the fee, the JCC declined to determine the fee, concluding that giving a deposition is not a service contemplated by either section 440.13(9), Florida Statutes (2011), the section addressing EMAs, or by Florida Administrative Code Rule 69L-30, also addressing EMAs. Further, the JCC concluded that because "the EMA is not a mere health care provider, but an expert," the fee limitation in section 440.13(10) did not apply.

When requesting review of an order via a petition for writ of certiorari, the petitioning party is required to demonstrate that the challenged order "(1) constitutes a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied on appeal." Torres v. Costco Wholesale Corp., 115 So. 3d 1111, 1112 (Fla. 1st DCA 2013) (quoting Diestel v. Winfrey Plumbing, Inc., 668 So. 2d 283, 284 (Fla. 1st DCA 1996)). "Irreparable harm is a condition precedent to invoking certiorari jurisdiction, and should be considered first." Taylor v. TGI Friday's, Inc., 16 So. 3d 312, 313 (Fla. 1st DCA 2009).

Turning first to the question of whether Claimant was irreparably harmed, we

2

note that the JCC gave Claimant the option of paying the doctor $750 per hour or whatever fee she might negotiate, or forego the deposition. Both alternatives result in irreparable harm. If Claimant pays an amount in excess of what the statute permits, she will not be able to recover the overage as a taxable cost, even if she ultimately prevails in the case. See Marton v. Florida Hosp. Ormond Beach, 98 So. 3d 754, 757 (Fla. 1st DCA 2012) (reversing JCC's award of cost reimbursement to employer/carrier for amounts paid for depositions in excess of amount permitted by section 440.13(10)). If Claimant foregoes the deposition because of the impermissible cost, Claimant will be without means to either contest the EMA's report below, or demonstrate harmful error on appeal. Thus, under either scenario, Claimant established she would be irreparably harmed.

We next turn to the question of whether the JCC departed from the essential requirements of law. As a preliminary matter, we note that a JCC has jurisdiction to resolve issues regarding discovery, along with disputes regarding statutorily-regulated litigation charges pertaining thereto. See Hancock v. Suwannee Cnty. Sch. Bd., 149 So. 3d 1188, 1191 (Fla. 1st DCA 2014) (reversing and remanding order because JCC concluded he lacked jurisdiction to address reasonableness of independent medical examiner's in-advance charge to allow exam to be video-taped). Contrary to the JCC's belief that depositions of EMAs are not contemplated by the law, a review of both the statute and case law demonstrates otherwise.

3

Although the service agreement signed by the EMA in this case does not address depositions, that does not end the analysis. Upon review of multiple statutory subsections, it is clear that an EMA is a health care provider, and the JCC acknowledged as much—"the EMA is not a mere health care provider, but an expert"—and, as such, is limited to a witness fee of $200 per hour. Section 440.13(9)(a) requires that "the qualifications, training, impartiality, and commitment of the health care provider" be considered in identifying physicians to serve as EMAs. Sections 440.13(9)(b) and section 440.25(4)(d) anticipate that EMAs may provide "testimony" to the JCC. In addition, section 440.25(4)(d) goes on to provide that "the testimony of the [EMA] shall be admitted into evidence . . . and all costs incurred in connection with such . . . testimony may be assessed as costs in the proceeding, subject to the provisions of s. 440.13." The section that is at the heart of Claimant's petition, section 440.13(10), provides that "[a]ny health care provider who gives a deposition shall be allowed a witness fee. The amount charged by the witness may not exceed $200 per hour." When these provisions are read together, we conclude that Dr. Rozencwaig is a health care provider; thus, his fee for deposition testimony is limited to $200 per hour as required by the plain language of section 440.13(10). Accordingly, nothing in sections 440.13 or 440.25 supports the JCC's conclusion.

Case law further supports this view. In <u>Marton</u>, 98 So. 3d at 757, we limited

4

authorized treating physicians and independent medical examiners, two of the three categories of individuals who can provide admissible medical opinion testimony per section 440.13(5)(e), to $200 per hour in payment for their testimony. EMAs represent the third category. In <u>Taylor</u>, 16 So. 3d at 313, this court stated that "the statute and the rules of procedure allow Claimant to take the EMA's deposition in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure. *See* Fla. Admin. Code R. 60-Q-6.114(1) & (2); *see also* § 440.30, Fla. Stat. (2005)." In <u>Pierre v. Handi Van, Inc.</u>, 717 So. 2d 1115, 1116-17 n.3 (Fla. 1st DCA 1998), this court noted that independent medical examiners and EMAs "[fell] within the general definition of health care providers." Because the EMA is a health care provider, the doctor is limited to $200 per hour for his deposition.

Accordingly, we conclude that the JCC departed from the essential requirements of law, in a manner not remediable on appeal, when he denied Claimant's request that Dr. Rozencwaig's deposition fee be limited to that permitted by section 440.13(10). The JCC's order is QUASHED, and the matter REMANDED for entry of an order setting the deposition fee at $200 per hour.

MAKAR and BILBREY, JJ., CONCUR; RAY, J., SPECIALLY CONCURRING.

RAY, J., specially concurring.

I agree with the majority's analysis on the substantive legal issue regarding the proper hourly rate for an EMA's deposition testimony. I write separately, however, to explain my reasons for concluding that extraordinary relief of certiorari review is warranted in this case.

It is well settled that certiorari is not a tool to right all wrongs committed during the discovery process, nor is it available simply because an interlocutory order imposes additional expense, inconvenience, or the costs of unnecessary litigation. See Haridopolos v. Citizens for Strong Sch., Inc., 81 So. 3d 465, 468 n.2 (Fla. 1st DCA 2011) ("The caselaw is clear that '[c]ertiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial.'" (quoting Whiteside v. Johnson, 351 So. 2d 759, 760 (Fla. 2d DCA 1977))). At first glance, this case appears to be about nothing more than money, an issue that can normally be remedied on plenary appeal.

Indeed, if Claimant were to pay the prohibited fee required by the order under review, take the EMA's deposition, and ultimately prevail at trial, then that expense could be awarded as a taxable cost incurred by Claimant because Claimant would have the right, if not the obligation, to follow the order setting the fees and should not be prejudiced by such adherence. See Miller Elec. Co. v. Oursler, 113 So. 3d

6

1004, 1009-10 (Fla. 1st DCA 2013) (granting exceptional appellate remedy based on Claimant's reliance on JCC's interlocutory order entered in error). Similarly, if Claimant decided to forego the EMA's deposition based on the prohibitive nature of the fee and thereafter lost her case because she was unable to properly cross-examine the central witness who was appointed by the JCC to resolve the dispute, this Court could provide a remedy on plenary appeal by reversing and remanding for a new hearing to permit the deposition to go forward in accordance with the requirements of law. See Miami Dade Cnty. Sch. Bd. v. Smith, 116 So. 3d 511, 514 (Fla. 1st DCA 2013) (reversing and remanding final order of JCC where party was precluded from deposing critical witness, stating "[i]nasmuch as the Employer was denied the opportunity to engage the legal means of testing the reliability of the opinions of this physician—whose opinions are critical to factual issues in dispute—it simply cannot be said that the deprivation visited on the Employer here is harmless"). In either of the two foregoing circumstances, the remedies available from an appeal of a final order could cure any harm created by the order under review, assuming the record supports the predicate facts warranting such relief.

But, here, Claimant—having not yet taken the EMA's deposition—is at a cross-roads and is understandably unable to predict the ultimate outcome of her case. Importantly, Claimant wishes to exercise her constitutional right to due process by cross-examining a critical witness in her case, regardless of whether she ultimately

7

wins or loses. See Smith, 116 So. 3d at 514 (explaining "[a]mong a litigant's most important due process rights is the right to call witnesses") (citations omitted). Claimant's insistence on her right to depose the EMA under the requirements of law, whether she wins or loses, gives rise to a third scenario that, for all practical purposes, simply cannot be remedied on appeal. That is, if Claimant pays the $750 hourly deposition fee,[*] deposes the EMA, and ultimately loses her case, she will be without an appellate remedy because the improperly charged fee—which here is expressly prohibited by section 440.13(10) and more than three times the amount permitted by statute—could not be taxed as a cost since Claimant would not be the prevailing party. See § 440.34(3), Fla. Stat. Further, because the EMA is not a party to this proceeding, we could not order the EMA, as a non-party, to disgorge or remit the fees which were collected under the imprimatur of the JCC who appointed him.

None of the three scenarios explained above have yet to play out, but each one is possible. Because the prohibited fee is the very subject matter of the challenged order, as opposed to being a collateral consequence or the inconvenient byproduct of an ordinary discovery order (for which certiorari review would not lie), and because the Legislature has instructed this Court to interpret chapter 440 as creating

_____

* To be certain, the irreparable nature of the harm at issue would be more pronounced had the EMA requested, for instance, $75,000 per hour rather than $750, but given that the fee at issue here is more than threefold the maximum fee allowable under law, the legal principles used to determine whether the harm is the sort warranting certiorari relief should be the same.

8

an efficient, non-burdensome, self-executing system, see section 440.015, I conclude that Claimant has established irreparable harm sufficient for certiorari review, even if barely so.