PER CURIAM.
In this workers’ compensation matter, presented through a petition for writ of certiorari, Claimant argues that the Judge of Compensation Claims (JCC) departed from the essential requirements of law by denying her request to limit the deposition fee of the expert medical advisor (EMA) to $200 per hour, the amount referenced in section 440.13(10), Florida Statutes (2011), and that error represents material harm that cannot be remedied on appeal. Because we agree, we quash the JCC’s order.
*134 After Claimant scheduled EMA Dr. Roz-encwaig’s deposition, she was advised that the doctor’s fee was $750 per hour and that the deposition would not go forward unless the doctor received an advance payment of $750. The explanation provided by Dr. Rozencwaig’s office staff was that the doctor believed he was not limited to $200 per hour because he was the appointed EMA.
Following a hearing on Claimant’s motion to determine the fee, the JCC declined to determine the fee, concluding that giving a deposition is not a service contemplated by either section 440.13(9), Florida Statutes (2011), the section addressing EMAs, or by Florida Administrative Code Rule 69L-80, also addressing EMAs. Further, the JCC concluded that because “the EMA is not a mere health care provider, but an expert,” the fee limitation in section 440.13(10) did not apply.
When requesting review of an order via a petition for writ of certiorari, the petitioning party is required to demonstrate that the challenged order “(1) constitutes a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied on appeal.” Torres v. Costco Wholesale Corp., 115 So.3d 1111, 1112 (Fla. 1st DCA 2013) (quoting Diestel v. Winfrey Plumbing, Inc., 668 So.2d 283, 284 (Fla. 1st DCA 1996)). “Irreparable harm is a condition precedent to invoking certiorari jurisdiction, and should be considered first.” Taylor v. TGI Friday’s, Inc., 16 So.3d 312, 313 (Fla. 1st DCA 2009).
Turning first to the question of whether Claimant was irreparably harmed, we note that the JCC gave Claimant the option of paying the doctor $750 per hour or whatever fee she might negotiate, or forego the deposition. Both alternatives result in irreparable harm. If Claimant pays an amount in excess of what the statute permits, she will not be able to recover the overage as a taxable cost, even if she ultimately prevails in the case. See Marton v. Florida Hosp. Ormond Beach, 98 So.3d 754, 757 (Fla. 1st DCA 2012) (reversing JCC’s award of cost reimbursement to employer/carrier for amounts paid for depositions in excess of amount permitted by section 440.13(10)). If Claimant foregoes the deposition because of the impermissible cost, Claimant will be without means to either contest the EMA’s report below, or demonstrate harmful error on appeal. Thus, under either scenario, Claimant established she would be irreparably harmed.
We next turn to the question of whether the JCC departed from the essential requirements of law. As a preliminary matter, we note that a JCC has jurisdiction to resolve issues regarding discovery, along with disputes regarding statutorily-regulated litigation charges pertaining thereto. See Hancock v. Suwannee Cnty. Sch. Bd., 149 So.3d 1188, 1191 (Fla. 1st DCA 2014) (reversing and remanding order because JCC concluded he lacked jurisdiction to address reasonableness of independent medical examiner’s in-advance charge to allow exam to be video-taped). Contrary to the JCC’s belief that depositions of EMAs are not contemplated by the law, a review of both the statute and case law demonstrates otherwise. Although the service agreement signed by the EMA in this case does not address depositions, that does not end the analysis. Upon review of multiple statutory subsections, it is clear that an EMA is a health care provider, and the JCC acknowledged as much — “the EMA is not a mere health care provider, but an expert” — and, as such, is limited to a witness fee of $200 per hour. Section 440.13(9)(a) requires that “the qualifications, training, impartiality, *135 and commitment of the health care provider” be considered in identifying physicians to serve as EMAs. Sections 440.13(9)(b) and section 440.25(4)(d) anticipate that EMAs may provide “testimony” to the JCC. In addition, section 440.25(4)(d) goes on to provide that “the testimony of the [EMA] shall be admitted into evidence ... and all costs incurred in connection with such ... testimony may be assessed. as costs in the proceeding, subject to the provisions of s. 440.13.” The section that is at the heart of Claimant’s petition, section 440.13(10), provides that “[a]ny health care provider who gives a deposition shall be allowed a witness fee. The amount charged by the witness may not exceed $200 per hour.” When these provisions are read together, we conclude that Dr. Rozencwaig is a health care provider; thus, his fee for deposition testimony is limited to $200 per hour as required by the plain language of section 440.13(10). Accordingly, nothing in sections 440.13 or 440.25 supports the JCC’s conclusion.
Case law further supports this view. In Marton, 98 So.3d at 757, we limited authorized treating physicians and independent medical examiners, two of the three categories of individuals who can provide admissible medical opinion testimony per section 440.13(5)(e), to $200 per hour in payment for their testimony. EMAs represent the third category. In Taylor, 16 So.3d at 313, this court stated that “the statute and the rules of procedure allow Claimant to take the EMA’s deposition in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure. See Fla. Admin. Code R. 60-0-6.114(1) & (2); see also § 440.30, Fla. Stat. (2005).” In Pierre v. Handi Van, Inc., 717 So.2d 1115, 1116-17 n. 3 (Fla. 1st DCA 1998), this court noted that independent medical examiners and EMAs “[fell] within the general definition of health care providers.” Because the EMA is a health care provider, the doctor is limited to $200 per hour for his deposition.
Accordingly, we conclude that the JCC departed from the essential requirements of law, in a manner not remediable on appeal, when he denied Claimant’s request that Dr. Rozencwaig’s deposition fee be limited to that permitted by section 440.13(10). The JCC’s order is QUASHED, and the matter REMANDED for entry of an order setting the deposition fee at $200 per hour.
MAKAR and BILBREY, JJ., concur.
RAY, J., specially concurring.