RAY, J., specially
concurring.
I agree with the majority’s analysis on the substantive legal issue regarding the proper hourly rate for an EMA’s deposition testimony. I write separately, however, to explain my reasons for concluding that extraordinary relief of certiorari review is warranted in this case.
It is well settled that certiorari is not a tool to right all wrongs committed during the discovery process, nor is it available simply because an interlocutory order imposes additional expense, inconvenience, or the costs of unnecessary litigation. See Haridopolos v. Citizens for Strong Sch., Inc., 81 So.3d 465, 468 n. 2 (Fla. 1st DCA 2011) (“The caselaw is clear that ‘[certio-rari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial.’ ” (quoting Whiteside v. Johnson, 351 So.2d 759, 760 (Fla. 2d DCA 1977))). At first glance, this case appears to be about nothing more than money, an issue that can normally be remedied on plenary appeal.
Indeed, if Claimant were to pay the prohibited fee required by the order under *136 review, take the EMA’s deposition, and ultimately prevail at trial, then that expense could be awarded as a taxable cost incurred by Claimant because Claimant would have the right, if not the obligation, to follow the order setting the fees and should not be prejudiced by such adherence. See Miller Elec. Co. v. Oursler, 113 So.3d 1004, 1009-10 (Fla. 1st DCA 2013) (granting exceptional appellate remedy based on Claimant’s reliance on JCC’s interlocutory order entered in error). Similarly, if Claimant decided to forego the EMA’s deposition based on the prohibitive nature of the fee and thereafter lost her case because she was unable to properly cross-examine the central witness who was appointed by the JCC to resolve the dispute, this Court could provide a remedy on plenary appeal by reversing and remanding for a new hearing to permit the deposition to go forward in accordance with the requirements of law. See Miami Dade Cnty. Sch. Bd. v. Smith, 116 So.3d 511, 514 (Fla. 1st DCA 2013) (reversing and remanding final order of JCC where party was precluded from deposing critical witness, stating “[ijnasmuch as the Employer was denied the opportunity to engage the legal means of testing the reliability of the opinions of this physician — whose opinions are critical to factual issues in dispute — it simply cannot be said that the deprivation visited on the Employer here is harmless”). In either of the two foregoing circumstances, the remedies available from an appeal of a final order could cure any harm created by the order under review, assuming the record supports the predicate facts warranting such relief.
But, here, Claimant — having not yet taken the EMA’s deposition — is at a crossroads and is understandably unable to predict the ultimate outcome of her case. Importantly, Claimant wishes to exercise her constitutional right to due process by cross-examining a critical witness in her case, regardless of whether she ultimately wins or loses. See Smith, 116 So.3d at 514 (explaining “[ajmong a litigant’s most important due process rights is the right to call witnesses”) (citations omitted). Claimant’s insistence on her right to depose the EMA under the requirements of law, whether she wins or loses, gives rise to a third scenario that, for all practical purposes, simply cannot be remedied on appeal. That is, if Claimant pays the $750 hourly deposition fee,* deposes the EMA, and ultimately loses her case, she will be without an appellate remedy because the improperly charged fee — which here is expressly prohibited by section 440.13(10) and more than three times the amount permitted by statute — could not be taxed as a cost since Claimant would not be the prevailing party. See § 440.34(3), Fla. Stat. Further, because the EMA is not a party to this proceeding, we could not order the EMA, as a non-party, to disgorge or remit the fees which were collected under the imprimatur of the JCC who appointed him.
None of the three scenarios explained above have yet to play out, but each one is possible. Because the prohibited fee is the very subject matter of the challenged order, as opposed to being a collateral consequence or the inconvenient byproduct of an ordinary discovery order (for which cer-tiorari review would not lie), and because the Legislature has instructed this Court to interpret chapter 440 as creating an *137 efficient, non-burdensome, self-executing system, see section 440.015, I conclude that Claimant has established irreparable harm sufficient for certiorari review, even if barely so.

 To be certain, the irreparable nature of the harm at issue would be more pronounced had the EMA requested, for instance, $75,000 per hour rather than $750, but given that the fee at issue here is more than threefold the maximum fee allowable under law, the legal prin-'dples used to determine whether the harm is the sort warranting certiorari relief should be the same.