# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3311

_____

LEE GREENFIELD,

    Appellant,

    v.

TALLAHASSEE POLICE
DEPARTMENT and CITY OF
TALLAHASSEE RISK
MANAGEMENT DEPARTMENT,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident:  March 27, 2011.

April 20, 2018

PER CURIAM.

Claimant argues that the Judge of Compensation Claims (JCC) erred in assessing a no-show fee for Claimant's failure to appear for an independent medical examination (IME) scheduled by the Employer/Carrier (E/C) and that the awarded fee was excessive.  Because the E/C's notice to Claimant and his attorney of the scheduled IME was not in compliance with the statutorily-imposed notice requirements, and there was no evidence to

support the $1,000 award for the review of records, we agree with Claimant and reverse the awards.

Paragraphs 440.13(5)(c)-(d), Florida Statutes (2010), require the E/C to "confirm the scheduling agreement in writing with the claimant and the claimant's counsel, if any, at least 7 days before the date upon which the [IME] is scheduled to occur," and no cancellation fee will be imposed if the E/C "fails to timely provide to the employee a written confirmation of the date of the examination pursuant to paragraph (c)."

Here, Claimant's attorney was notified on October 14, 2015, of the IME scheduled for October 19, 2015, less than seven days before the scheduled IME. There is no evidence that the E/C notified Claimant directly. Claimant's attorney replied to the E/C on October 16, explaining that because there was no way that the IME could be listed as a witness for the upcoming hearing, there was no purpose for Claimant to attend the IME. Claimant's attorney suggested that the exam be cancelled so as not to "risk losing any prepayment." Claimant did not attend the exam.

Following a hearing on the E/C's motion seeking an award of a no-show fee, the JCC entered an order awarding the fee and directed the E/C to ascertain from the doctor "what the no-show fee would have been if the [sic] Dr. Loeb was given cancellation notice on October 16, 2015," as that was to be the fee awarded in an addendum order. The E/C filed a notice with the JCC advising that the no-show fee would have been $1,750 with one business day's notice. No addendum order was entered.

After successfully defending a claim for a medical apparatus, the E/C filed a motion to tax prevailing party costs that included a request for reimbursement of the costs associated with the failed IME. Claimant asserted that the E/C was precluded from recovering a no-show fee because they did not give Claimant and his counsel timely notice of the upcoming exam. In the course of the hearing, the JCC described the notice requirement as a "technicality." The JCC awarded a no-show fee of $1,750 and a $1,000 charge for a records review, for a total of $2,750, bringing the total costs award to $4,863.33. Claimant does not dispute that the remaining costs awarded – $2,113.33 – are due the E/C.

2

Because resolution of the E/C's entitlement to a no-show fee requires statutory construction, our review is de novo. *See Lombardi v. S. Wine & Spirits*, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004). In construing a statute, courts must first look to its plain language. *See Perez v. Rooms To Go*, 997 So. 2d 511, 512 (Fla. 1st DCA 2008).

Paragraph 440.13(5)(c) specifically requires that the carrier provide an employee *and* the employee's attorney, if any, *seven* days' notice – in writing – of an IME.

Here, the E/C's notice of the IME did not conform with the statutory notice required by paragraph 440.13(5)(c). Therefore, Claimant does not owe the E/C 50% of the no-show fee. Accordingly, that portion of the order awarding 50% of the no-show fee is reversed.

Claimant also challenges the award as being excessive. "The award of specific costs is reviewed by this court for abuse of discretion." *Marton v. Fla. Hosp. Ormond Beach*, 98 So. 3d 754, 756 (Fla. 1st DCA 2012). In addition to the no-show fee, the JCC awarded the E/C the cost charged by Dr. Loeb for a review of the medical records.

Under no scenario was the cost for the records review awardable. Because it was not part of the no-show fee, it was not awardable on that basis. *See id.* at 758-59 (explaining that it was improper to include charge such as "[r]eserved time fee for updated IME" in no-show fee). If the charge was not associated with the no-show fee, it was not otherwise awardable as either a part of the IME exam or as part of any deposition preparation because those events never took place. Furthermore, the E/C did not establish that Dr. Loeb's testimony could be submitted into evidence at the upcoming hearing. Thus, the cost would not be one "necessary to maintain the claim." *Id.* at 757.

Accordingly, we REVERSE and REMAND for entry of an order awarding the E/C prevailing party costs of $2,113.33.

WOLF, BILBREY, and KELSEY, JJ., concur.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Paul M. Anderson of Anderson & Hart, P.A., Tallahassee, for Appellant.

Christopher J. Dubois and Mary E. Cruickshank of DuBois & Cruickshank, P.A., Tallahassee, for Appellees.