IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOE GUERRA,

     Appellant,

v.

C.A. LINDMAN, INC. and
ARGONAUT INSURANCE
COMPANY,

     Appellees.

_____/

CASE NO. 1D13-5988

Opinion filed September 10, 2014.

An appeal from an order of the Judge of Compensation Claims.
Daniel A. Lewis, Judge.

Date of Accident: August 31, 2010.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Brian C. Dowling of the Workers' Compensation Trial Group, P.A., Orlando, for
Appellees.


ON MOTION FOR REHEARING/CLARIFICATION

PER CURIAM.

     Appellant's motion for rehearing/clarification, filed July 30, 2014, is

granted. The court's opinion filed July 21, 2014, is withdrawn, and the following

clarified opinion is substituted.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) to the extent it denies Claimant's claims for cervical surgery or, in the alternative, cervical facet injections, for temporary total disability (TTD) benefits, and for penalties, interest, costs, and attorney's fees (PICA). We reverse because the JCC erroneously appointed and relied on an expert medical advisor (EMA).

Claimant suffered a compensable accident on August 31, 2010, and was diagnosed with a C5-6 herniated disk, resulting in the authorization of orthopedic spine specialist Dr. Schechter. Dr. Schechter did not think Claimant was a candidate for surgery. Claimant obtained a "one-time change" of physician, as he was entitled to do under the Workers' Compensation Law, and orthopedic surgeon Dr. Greenberg was appointed. Dr. Greenberg diagnosed disk herniations at C3-4 and C5-6, and recommended a partial discectomy (surgery). Claimant then filed a petition for benefits seeking that surgery. In response, the Employer/Carrier (E/C) sought appointment of an expert medical advisor (EMA) to resolve the disagreement in medical opinions regarding Claimant's need for the partial discectomy recommended by Dr. Greenberg.

Neurosurgeon Dr. Pagan was appointed to serve as an EMA, and he opined Claimant was not then a surgical candidate; he later testified that if Claimant's condition worsened, surgery may be appropriate. After Dr. Pagan rendered his

2

EMA report in June 2011, Claimant withdrew his petition, and proceeded with conservative care. Because Dr. Greenberg declined to see Claimant given the situation, the E/C authorized orthopedic surgeon Dr. Montesano. Eventually Dr. Montesano opined that Claimant's condition was getting progressively worse. Dr. Montesano opined that Claimant requires a C5-6 anterior cervical discectomy and fusion "as soon as possible because he is developing nerve damage or neurological deficit," that if the weakness "continues to get worse it may become irreversible," and that if this curative surgery is not authorized, Claimant should have cervical facet injections.

Based on Dr. Montesano's opinion, Claimant filed a new petition for benefits seeking, inter alia, the treatment recommended by Dr. Montesano, TTD benefits, and PICA. In defending the new claims, the E/C deposed Drs. Schechter and Pagan again. Both indicated that their opinions had not changed, but explained that they had not seen Claimant or reviewed any records past May 2011. Notably, Dr. Schechter expressly declined to opine on Claimant's condition in 2012 or June 2013 for those reasons. Neither doctor expressed any disagreement with the medical opinions of Dr. Montesano that served as the foundation for the pending petition for surgery, nor was either doctor asked to address Dr. Montesano's opinions.

3

During the hearing on the new petition for benefits, the JCC perceived a possible dispute in the medical opinions relating to Claimant's need for cervical surgery, and raised the question of whether an EMA should be appointed. Both parties opposed the appointment of an EMA with respect to the new petition for benefits. Claimant argued (1) there was no disagreement in the medical opinions because the opinions of Drs. Schechter and Pagan were two years old ("stale") and (2) Dr. Montesano's opinion that Claimant's condition had worsened and now required surgery was uncontroverted. The E/C argued that the question of whether Claimant requires surgery had already been addressed by Dr. Pagan, the EMA appointed to resolve the disagreement in medical opinion regarding the prior petition for benefits. Notwithstanding the parties' objections to the appointment of an EMA, the JCC, without identifying a specific disagreement in the medical opinions, appointed an EMA, neurosurgeon Dr. Theofilos. The JCC charged the EMA with answering three questions, including "[w]hether the anterior cervical discectomy and fusion surgery as recommended by Dr. Montesano is reasonable and medically necessary for the claimant." The order appointing Dr. Theofilos as EMA was not challenged by appeal or petition for certiorari review.[*]

---

[*] An interlocutory order appointing an EMA may be reviewed on plenary appeal. See Taylor v. TGI Friday's, Inc., 16 So. 3d 312, 313 (Fla. 1st DCA 2009). Hence, there is no merit to the E/C's argument that Claimant waived the right to contest the appointment of an EMA by waiting for the entry of a final order.

Dr. Theofilos opined that surgery was not medically necessary "due to the numerous Waddell's signs he is exhibiting, [and] his lack of anatomic findings on examination that would correlate with a C5-6 disc pathology." Claimant moved to strike the testimony from Dr. Theofilos, and objected to admission of Dr. Theofilos's report into evidence. The JCC denied the motion and overruled the objection. The JCC relied in part on Dr. Theofilos's opinions and, by order entered June 24, 2013, denied Claimant's petition for benefits. This reliance was error.

Simply put, the JCC erred in failing to recognize that the legal dispute before him was Claimant's current need for surgery pursuant to Dr. Montesano's recommendation, based on Dr. Montesano's uncontroverted opinion that Claimant's medical condition was materially worse than before. The E/C had an opportunity to counter this uncontroverted testimony in order to demonstrate some level of disagreement in medical opinions, but made the strategic decision to rely on Drs. Schechter and Pagan even though, by their own admission, these physicians were unaware of evidence regarding a worsening in Claimant's condition. Because the opinions of Drs. Schechter and Pagan do not constitute evidence of a "disagreement in the opinions of the health care providers" regarding the legal issue in dispute, i.e., Claimant's current need for discectomy and fusion given the unrefuted worsening of his injury, the JCC erred in appointing an EMA. See § 440.13(9)(c), Fla. Stat. (2010).

5

Thus, the JCC's denial of the claims for the surgery (or facet injections), TTD, and PICA are REVERSED and this case is REMANDED for entry of an order, in light of this opinion, based on the evidence already before the JCC with the exception of evidence from Dr. Theofilos.

THOMAS, ROWE, and MAKAR, JJ. CONCUR.