# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-2129
_____

MARLENE ALTEMAR,

    Appellant/Cross-Appellee,

    v.

LIFESPACE COMMUNITIES, INC.,
d/b/a Abbey Delray South,
SENTRY CLAIMS SERVICES and
SENTRY CASUALTY COMPANY,

    Appellees/Cross-Appellants.
_____


On appeal from the Office of the Judges of Compensation Claims.
Timothy M. Basquill, Judge.

Dates of Accident: December 26, 2011 and July 12, 2013.

July 9, 2018

PER CURIAM.

Claimant challenges an order of the Judge of Compensation Claims (JCC), and the Employer/Carrier (E/C) on cross-appeal challenges another aspect of the order. We find that the JCC accorded a presumption of correctness to the expert medical advisor (EMA) with regard to the Claimant's need for attendant care, and that this presumption was inappropriate because the evidence does not demonstrate a sufficient disagreement in the opinions of the health care providers on that ground. *See* § 440.13(9)(c), Fla. Stat. (2013); *Guerra v. C.A. Lindman, Inc.*,

146 So. 3d 527, 529 (Fla. 1st DCA 2014) (reversing order appointing EMA because there was no disagreement in the opinions of the health care providers, in that the opinions of some of the doctors were stale). The E/C's independent medical examiner did not render a definitive opinion as to whether attendant care benefits were medically necessary at the time of the hearing, or whether the need for attendant care was caused by the compensable accident. As such, the JCC should have considered the EMA's testimony regarding Claimant's need for attendant care without the presumption of correctness ordinarily granted to EMA opinions. *See Lowe's Home Ctrs., Inc. v. Beekman*, 187 So. 3d 318, 319-20 (Fla. 1st DCA 2016) (holding that unsolicited opinions from EMA are treated as any other expert opinion, and not accorded a presumption of correctness).

We reject all other issues on appeal, including the E/C's cross-appeal.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this opinion.

KELSEY, WINOKUR, and WINSOR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant/Cross-Appellee.

William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winter Park, for Appellees/Cross-Appellants.